JAMES H. HOLT, Appellant, v. HON. HIRAM MCLAUGHLIN.—No. 40415.
—210 S. W. (2d) 1006.

Division One, May 10, 1948.

*Hamlin & Hamlin, E. C. Hamlin* and *James H. Holt* for appellant.

*Wayne T. Walker,* Prosecuting Attorney, amicus curiae.

[1006] VAN OSDOL, C.—A contemnor has filed notice of appeal and transcript of the record and brief herein for the review, by appeal, of an adverse judgment in a contempt proceeding; and contemnor has further sought to invoke the appellate jurisdiction of this court on the ground the case involves a constitutional question.

March 24, 1947, contemnor, an attorney, was cited to appear and show cause why he should not be adjudged in contempt of court. The citation was signed by the Honorable Hiram McLaughlin, Judge of Division No. 1 of the Circuit Court of Greene County. The citation stated a divorce action had been regularly set and in part heard by the Circuit Court March 21, 1947, and that contemnor had so advised a witness as to lead the witness, sister of a party to the divorce action, to believe she was not compelled to appear the following morning in compliance with a lawful order of the Court so requiring her appearance; that, as a result of the advice and information so given, the witness had disobeyed the Court's order to appear; and that the advice and information given by the contemnor to the witness and contemnor's action in the matter were willful, and directly tended to interfere with the lawful proceedings and authority of the Court and to impair the respect and dignity due the Court, and to delay and interrupt the regular Court proceedings.

After service of the citation and the filing of contemnor's answer, a hearing was [1007] had and the facts were found to be, in effect, as charged in the citation, and the contemnor was held "in willful contempt" of the Court, and in "willful and utter disregard of the authority" of the Court. A fine of $50 was assessed, and it was ordered that, in default of the payment of the fine, a commitment to jail should issue.

Respondent judge has moved the appeal be dismissed on the ground the proceeding was for criminal contempt and, he asserts, there is no appeal from the judgment rendered in such a proceeding.

Contempts fall into two major classifications—civil and criminal. State on Inf. of McKittrick, Atty. Gen., v. Koon, 356 Mo. 284, 201 S. W. 2d 446. Criminal contempt is conduct directed against the majesty of the law and the dignity and authority of the court as an agency of government. Proceedings for criminal contempt are punitive in nature, and the government, the courts and the people are interested in their prosecution. State on Inf. of McKittrick, Atty. Gen., v. Koon, supra; Ex parte Clark, 208 Mo. 121, 106 S. W. 990; State v. Norman, Mo. App., 193 S. W. 2d 391; Carder v. Carder,

Mo. App., 61 S. W. 2d 388; 6 R. C. L., Contempt, sec. 3, p. 490; 17 C. J. S., Contempt, sec. 7, p. 9. On the other hand, a proceeding for civil contempt is one instituted to preserve and enforce rights of a private party to an action and to compel obedience to a judgment or decree intended to benefit such a party litigant. State on Inf. of Mc-Kittrick, Atty. Gen., v. Koon, supra; State ex rel. Chicago, B. & Q. R. Co. v. Bland, 189 Mo. 197, 88 S. W. 28; State v. Norman, supra; Carder v. Carder, supra.

And contempts may partake of both civil and criminal nature. Carder v. Carder, supra. The contempt involved in the case of State ex rel. Chicago, B. & Q. R. Co. v. Bland, supra, is an example. In that case one Gildersleeve had been adjudged guilty of contempt in the circuit court for violating an order enjoining him from engaging in a particular business. The injunction order had been entered by the circuit court for the protection of the rights of relator who was plaintiff in the circuit court injunction proceeding. The contempt judgment was remedial and primarily for the benefit of relator with the purpose of preventing defendant's future encroachments upon the rights of relator as protected by the injunction order. So the contempt was primarily *civil* in nature and, although the judgment in the contempt proceeding also involved the dignity of the court below and was in that respect criminal, the contempt judgment was held appealable.

In the case of State v. Norman, supra, the contemnor, an attorney, was cited and adjudged in contempt for advising his client, a defendant in a criminal case, to absent himself from the court in violation of the provisions of his bond. It was held the appellate court had no jurisdiction to hear the appeal. In the case of Carder v. Carder, supra, the contemnor had misrepresented the identity of the defendant in a divorce action, thereby causing the sheriff to serve process on a stranger to the action. The judgment was held not to be reviewable by appeal. It seems, these cases are examples of contempts purely criminal.

In the instant case the contempt was adjudged upon conduct which had been charged and found to be a willful interference with the Court's authority and its proceedings whereby the business of the Court was interrupted and delayed, and whereby the dignity of and the respect due the Court were affronted and impaired. The contempt judgment was not in any way one of remedial character in enforcing any order or judgment or decree which the Court had made for the benefit of any party litigant.

We are of the view the proceeding in the instant case was one for purely criminal contempt. In this state, there is no appeal from a judgment rendered upon the finding of guilty of contempt of court in a proceeding for criminal contempt; no provision having been made by statute, the right of appeal does not exist. Ex parte Howell,

273 Mo. 96, 200 S. W. 65; Ex parte Clark, supra; State v. Norman, supra; Carder v. Carder, supra. But a full review of such proceedings is afforded by *habeas corpus*. Ex parte Howell, supra; Ex parte Clark, supra; Ex parte Creasy, [1008] 243 Mo. 679, 148 S. W. 914; Ex parte O'Brien, 127 Mo. 477, 30 S. W. 158. See also State ex rel. Thompson v. Rutledge, 332 Mo. 603, 59 S. W. 2d 641.

An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal. In re Moore's Estate, 354 Mo. 240, 189 S. W. 2d 229; East Park Dist., etc., Kansas City v. Mansfield, Mo. App., 201 S. W. 2d 434.

It necessarily follows that the appeal in the instant case should be dismissed.

It is so ordered. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by Van Osdol, C., is adopted as the opinion of the court. All the judges concur.