Guy S. McCLELLAN, Margaret E. McClellan and Sedgwick Mead, Jr. d/b/a the Mead-McClellan Partnership, a Missouri Partnership, and Craig E. LaBarge, an Individual, as the Sole General Partners of the Chesterfield Partnership, a Missouri Limited Partnership, Plaintiffs-Appellants,

v.

BARRATH CONSTRUCTION CO., INC., a Corporation, Defendant-Respondent.

No. 51777.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 10, 1987.

Wilbur L. Tomlinson, St. Louis, for plaintiffs-appellants.

Jeffrey T. Demerath, St. Louis, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals trial court's order sustaining defendant's motion to compel arbitration. We dismiss the appeal.

In March 1984, plaintiffs (Chesterfield) and defendant Barrath Construction Co., Inc. entered into a construction contract to develop certain residential real estate in St. Louis. The contract contained an arbitration clause.[1]

After a contract dispute arose, Barrath, in December 1985, filed a demand for arbitration with the American Arbitration Association. Chesterfield filed an answer and counterclaim to the arbitration demand. In February 1986, Barrath filed a mechanic's lien statement against the property. Barrath amended its arbitration demand on March 6 and April 21, 1986. The amendments to the demand for arbitration did not refer to Barrath's claim of a mechanic's lien. On April 22, 1986, Chesterfield filed a two-count petition seeking a declaratory judgment that Barrath's lien was invalid and $10,000 actual and $100,000 punitive damages for slander of title.

Barrath responded to Chesterfield's petition with a motion to compel arbitration and to stay proceedings, asserting in the motion the applicability of the Federal Arbitration Act, 9 U.S.C. §§ 1–14. The parties subsequently filed affidavits relating to whether the contract was one "evidencing a transaction involving commerce" as required by 9 U.S.C. § 2 to bring the contract under the purview of the federal act.[2] In its memorandum opposing Barrath's motion, Chesterfield challenged the applicability of the federal act to the slander of title action in particular, as well as to the contract in its entirety.

Based on the parties' affidavits, the trial court sustained Barrath's motion, and Chesterfield appealed.[3] Barrath moved to dismiss the appeal; the motion to dismiss was taken with the case.

The appealability of an order of a state court compelling arbitration pursuant to the Federal Arbitration Act appears to be a matter of first impression for a Missouri appellate court. Barrath contends that

1. Article 20.1 of the contract provides as follows:

> All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof, (except with respect to the Architect and/or Engineer's decision on matters relating to artistic effect, and) except for claims which have been waived by the making or acceptance of final payment shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

2. 9 U.S.C. § 2, entitled "Validity, irrevocability, and enforcement of agreements to arbitrate" states as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

3. A subsequent equitable mechanic's lien action filed by a subcontractor on the project also stayed proceedings on Chesterfield's petition; thus, this appeal involves only the order compelling arbitration.

In its brief on appeal, Chesterfield disputes whether the contract "evidenced a transaction in commerce so as to be enforceable under the Federal Arbitration Act," contends the arbitration provision does not encompass the slander of title claim, alleges Barrath waived its right to arbitrate by filing a mechanic's lien statement, and contends that the arbitration itself was stayed by the subcontractor's lien.

§ 512.020, RSMo 1986, precludes this appeal because an order compelling arbitration is not "a final judgment disposing of all parties and all issues." Chesterfield argues the order is an appealable interlocutory order under 28 U.S.C. § 1292(a)(1). Alternatively, Chesterfield asserts the order "has such finality as to constitute a final order or judgment" under § 512.020, RSMo 1986. Of particular concern to Chesterfield is that "the heart of the [slander of title] action was Chesterfield's claim for punitive damages. By ordering Chesterfield to arbitrate this claim, the Circuit Court effectively emasculated Chesterfield's cause of action."

■ Section 2 of the Federal Arbitration Act is substantive law to be given effect in state courts. *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 861, 79 L.Ed.2d 1 (1984); *State ex rel. St. Joseph Light & Power Co. v. Donelson,* 631 S.W.2d 887, 890 (Mo.App.1982). Although 9 U.S.C. § 2 creates substantive rights to be enforced in state courts, the procedural provisions of the Federal Arbitration Act are not binding on state courts, *Southland Corp.,* 465 U.S. at 16, 104 S.Ct. at 861, provided applicable state procedures do not defeat the rights granted by Congress. *Brown v. Western Railway,* 338 U.S. 294, 296, 70 S.Ct. 105, 106, 94 L.Ed. 100 (1949); *Bunge Corp. v. Perryville Feed & Produce, Inc.,* 685 S.W.2d 837, 839 (Mo. banc 1985). Therefore, we may look to Missouri law to determine whether Chesterfield may appeal the order compelling arbitration, provided we do nothing to thwart the substantive rights granted in the federal act.

■ We conclude that the order compelling arbitration is not a final judgment as contemplated by § 512.020, RSMo 1986, because it does not dispose of all parties and issues in this case. *See, e.g., Hageman-Mullen Excavating Co. v. Fenlon,* 670 S.W.2d 584, 585 (Mo.App.1984). We base our conclusion in part on § 435.440 [4] of the Uniform Arbitration Act as enacted in Missouri (§§ 435.350 to 435.470, RSMo 1986). We believe the various orders denoted by the legislature as appealable under § 435.-440 partake of such finality as to constitute final orders or judgments, and we note an order compelling arbitration is not among the orders designated as appealable. Although the arbitration ordered here is under the federal rather than the Missouri act, we find § 435.440 persuasive because we believe the appealability of a state court order compelling arbitration should be uniformly determined irrespective of which statute grants the right to arbitrate. Moreover, to permit appeal of the order would deprecate this state's policy in favor of resolution of disputes through arbitration rather than by resorting to the courts. *Western Waterproofing Co. v. Lindenwood Colleges,* 662 S.W.2d 288, 291 (Mo. App.1983); *Village of Cairo v. Bodine Contracting Co.,* 685 S.W.2d 253, 258 (Mo. App.1985).

Chesterfield argues that if it cannot appeal the order, it is left without remedy because it could not appeal if its motion to vacate an award were denied, Barrath could not be compelled to seek a confirmation from which Chesterfield could appeal, and it would be incongruous for Chesterfield to move to confirm an adverse award and then appeal the confirmation.[5] We be-

---

**4.** Section 435.440 entitled "Appeals" provides as follows:

1. An appeal may be taken from:
(1) An order denying an application to compel arbitration made under section 435.355;
(2) An order granting an application to stay arbitration made under subsection 2 of section 435.355;
(3) An order confirming or denying confirmation of an award;
(4) An order modifying or correcting an award;
(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of sections 435.350 to 435.470.
2. The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

**5.** Chesterfield also alleges an arbitrator cannot award punitive damages (the gist of its petition). The case before us involves arbitration under the federal act; therefore, the arbitrability of a claim for punitive damages is governed by 9 U.S.C. § 2. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). It appears to us that a sizeable majority of the

lieve the procedures of the Missouri arbitration act provide a sufficient opportunity for a party to appeal an adverse determination by an arbitrator. For example, § 435.-405 provides authority for a court to vacate an award, including on grounds asserted in Chesterfield's appeal, and § 435.405.4 provides that "[i]f the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award." We believe confirmation under § 435.405.4 is mandatory even if there is no application to confirm.[6] From

such a confirmation, Chesterfield could appeal under § 435.440.1(3).[7]

Because the order is not a final judgment under § 512.020, the appeal is dismissed.

SMITH, P.J., and DOWD, J., concurs.

federal and state courts that have considered the issue would not prohibit an award of punitive damages by an arbitrator pursuant to the federal act, provided the arbitration agreement is broad enough. An extensive discussion of the issue appears in *Willoughby Roofing & Supply Co. v. Kajima International, Inc.,* 598 F.Supp. 353 (N.D.Ala.1984), *aff'd,* 776 F.2d 269 (11th Cir.1985). In one state court action involving the Federal Arbitration Act, the court concluded that an arbitrator could award punitive damages if the arbitration agreement were broad enough. *Ex parte Costa and Head (Atrium), Ltd.,* 486 So.2d 1272, 1276 (Ala.1986).

6. In *Tung v. W.T. Cabe & Co.,* 492 A.2d 267 (D.C.App.1985), a case involving the District of Columbia Uniform Arbitration Act, the court

held it had jurisdiction of an appeal from the denial of a motion to vacate an arbitration award because confirmation "was the clear effect of [the trial court's] dismissal of the motion to vacate the award." *Id.* at 268 n. 1.

7. As previously stated, the arbitration here is pursuant to the federal act. However, we agree with the Supreme Court of Kentucky that 9 U.S.C. §§ 9 and 10 establish *procedures* for enforcement or vacation of an award in *federal courts, Atlantic Painting & Contracting, Inc. v. Nashville Bridge Co.,* 670 S.W.2d 841, 846 (Ky. 1984), and, therefore, Missouri courts are free to apply the procedures of the Missouri act to awards under the federal act which a party seeks to confirm or vacate in a Missouri court.