## NATIONAL AVENUE BUILDING COMPANY, Respondent,

v.

## Donald R. STEWART, Appellant.

### No. 16571.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 8, 1990.

Robert L. Hyder, Hyder, Bratten and Trickey, Jefferson City, for appellant.

Frank M. Evans, III, Ed. L. Payton, Miller & Sanford, P.C., Springfield, for respondent.

CROW, Presiding Judge.

This case involves the Uniform Arbitration Act, Laws of Missouri 1980, H.B. 1203, pp. 433–37, now codified as §§ 435.350–435.470, RSMo 1986. Commentary on the Act appears in Bozarth, *The Uniform Arbitration Act in Missouri*, 46 Mo.L.Rev. 627–51 (1981) and Cronan, *Missouri's New Arbitration Law—More Than Was Bargained For?*, 38 J.Mo.Bar, 258–64 (1982).

Donald R. Stewart ("Stewart") appeals from an order (1) declaring that a contract between him and National Avenue Building Company ("National") does not contain a binding arbitration agreement, and (2) granting National's application to stay arbitration. Stewart presents one point relied on; it is easier understood after a synopsis of the pertinent facts.

In 1984, National and Stewart entered into a contract whereby Stewart was to perform certain excavation, grading, paving and other work on property owned by National.

On January 30, 1985, Stewart filed with the American Arbitration Association a demand for arbitration accompanied by a no-

tice of dispute arising out of the contract between him and National.

On March 5, 1985, National filed a petition in the trial court averring that National had not agreed to arbitration of the dispute, that National objected to arbitration, and that the contract did not contain the notice required by § 435.460.[1] National's petition prayed the court for an order staying the arbitration proceeding pursuant to § 435.355.2, which provides:

"On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration."

On June 14, 1985, the trial court entered an order stating that after hearing evidence the court decided in favor of Stewart. The order provided: "... that under the facts of the case no further notice is required pursuant to RSMo 435.460. The Court orders the parties to proceed with arbitration."

Some 31 months later, on February 2, 1988, Stewart filed a document in the trial court captioned "Filing of Arbitration Award." The document stated an award had been made by a three-member panel appointed by the American Arbitration Association and that the award was being "submitted to the court as provided in Chapter 435 RSMo. for consideration by the court." The document prayed that the arbitration award "be confirmed as a judgment of this court." Attached to the document was a five-page instrument captioned "Arbitration Award" which stated that the arbitrators awarded Stewart $208,-587.17 "in full settlement of all claims submitted to this arbitration."

On February 16, 1988, National filed a "Motion to Change Award." No copy of the motion appears in the record on appeal.

On March 9, 1988, the trial court, after considering National's motion of February 16, 1988, entered an order providing, in pertinent part:

"... the Court ... hereby remands to the Board of Arbitration for further consideration of possible clarification, the arbitration award filed in this cause, and if in their good judgment they conclude changes are in order for clarification, they are requested to file an amended arbitration award. To this end the Arbitrators are provided an attached list of specific questions which the Arbitrators may consider in providing explanation as to how this particular award was reached.

To accomplish the purpose of this remand, the Board is requested to meet and provide its reply within 60 days.... The Court will defer any ruling on [National's] 'Motion to Change Award' pending full compliance with this Order."

Attached to the order was a sheet containing 17 questions.

On April 26, 1988, National filed a "Motion to Reconsider" asking the trial court to reconsider its order of June 14, 1985, denying National's request to stay arbitration. In written suggestions accompanying its motion, National declared that by reason of § 435.440 (set forth later in this opinion) the order of June 14, 1985, was not appealable. National also asserted that a case decided after the June 14, 1985, order—*Hefele v. Catanzaro*, 727 S.W.2d 475 (Mo. App.1987)—supported National's position that the arbitration provision in its contract with Stewart was unenforceable.

Simultaneously with the filing of its motion to reconsider, National filed a motion to vacate the award per § 435.405, or in the alternative to modify the award per § 435.410. This motion alleged, among other things, that some of Stewart's exhib-

---

1. Section 435.460 provides: "Each contract subject to the provisions of sections 435.350 to 435.470 shall include adjacent to, or above, the space provided for signatures a statement, in ten point capital letters, which read substantially as follows: 'THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.'"

its in the arbitration proceeding were not made available to National in advance, that the arbitrators' award indicated a manifest disregard of the law, that the award was irrational, that there is no evidence in the record to support the award, that the award was a result of bias or partiality by one or more of the arbitrators, that the award was procured by corruption, fraud, or undue means, and that the arbitrators addressed issues not presented.

On April 27, 1988, the three arbitrators filed in the trial court a "Response to Request for Reconsideration" stating they had concluded that their original award adequately identified the issues presented by each of the parties that were submitted, considered and decided by the arbitrators, and that the original award accurately stated the decision reached by the arbitrators on those issues. Consequently, said the arbitrators, they "declined to issue any amendment to or additional explanation of the award."

On July 5, 1988, the trial court heard argument by the parties' lawyers on National's motion to change the award and National's motion to reconsider.

On August 4, 1988, the trial court overruled National's motion to change the award. This left the following items still unresolved: (1) Stewart's request of February 2, 1988, that the award be confirmed as a judgment, (2) National's motion to reconsider, and (3) National's motion to vacate the award or in the alternative to modify it.[2]

On December 23, 1988, National filed another "Motion To Reconsider." Although no copy of that document appears in the record on appeal, we deduce it requested the trial court to reconsider its ruling of August 4, 1988, denying National's motion to change the award.

On March 16, 1989, the trial court entered an order sustaining National's motion to change the award and commanding the arbitrators to clarify the award within 30 days by answering 19 questions set forth in the order.

On March 28, 1989, an official of the American Arbitration Association dispatched a letter to the trial court stating that the arbitrators still had unpaid compensation due from the parties totaling $7,540.25, and that the arbitrators were unwilling to devote any more time to the matter until said sum had been paid and an advance posted to cover future fees and expenses.

On July 11, 1989, National appeared in the trial court by its lawyers and Stewart appeared in person and with his lawyer. Stewart filed a "Motion for Dismissal" which read:

> "Now comes ... Donald R. Stewart, and files his Motion To Dismiss the cause herein without prejudice."

The trial court made an entry on its docket sheet stating, in pertinent part:

> "... Stewart files motion to dismiss w/o prej request to enter judgment on arbitration award—sustained w/o obj. On ... Stewart's motion, said [Stewart's] filing of arbitration award, filed 2-2-88, is withdraw [sic] & said [Stewart's] petition for judgment thereon is hereby dismissed without prejudice[.]"

The trial court then conducted a hearing on National's "motion to reconsider" (evidently the one filed April 26, 1988, asking the trial court to reconsider the order of June 14, 1985, denying National's request to stay arbitration).

Over Stewart's objection, an officer of National testified he negotiated the contract with Stewart, that he (the officer) believed certain language in the contract and the absence of the notice required by § 435.460[3] meant that National had not subjected itself to compulsory arbitration, that the essence of Stewart's claim revolved around alleged mistakes by the engineers, that the contract provided that the architects and engineers could be joined in

---

**2.** At this juncture, the judge before whom the case had been pending since its inception on January 30, 1985, disqualified himself and the case was assigned to the judge who ultimately entered the order from which this appeal is taken.

**3.** Footnote 1, *supra.*

arbitration only with their consent, and that because of these factors he (the officer) would not have signed the contract on behalf of National had he believed it provided for binding arbitration.

On September 6, 1989, the trial court entered this order:

"This case comes before the Court on [National's] Motion to Reconsider. Having heard the evidence, reviewed the motion and suggestions, for good cause shown, [National's] Motion to Reconsider is granted."

On September 19, 1989, the trial court entered this order:

"On September 6, 1989, this Court entered an order granting [National's] Motion to Reconsider. To clarify the September 6, 1989 order, the Court orders the following language be inserted:

Therefore, it is the finding of this Court that the agreement between the parties did not contain a binding arbitration agreement pursuant to Chapter 435 RSMo., and therefore, [National's] Motion to Stay Arbitration is hereby granted."

Stewart brings this appeal from the order of September 6, 1989, as amended by the order of September 19, 1989. He presents one point relied on, which reads:

"The trial court erred in granting [National's] previously-overruled application to stay arbitration proceedings, on the basis of the enforceability of the arbitration agreement between the parties, because this action was either moot or was equivalent to vacating the existing arbitration award, and an arbitration award may not be vacated on the basis of the enforceability of an arbitration agreement if that issue has been adversely determined in a prior proceeding to stay arbitration."

The point presents two theories for reversal. The first is that inasmuch as the arbitration proceeding (permitted by the trial court's order of June 14, 1985) went forward to conclusion, producing the $208,-587.17 award to Stewart some 19 months prior to entry of the order appealed from, the latter order is moot in that there was no arbitration proceeding to stay at the time such order was entered.

The point's second theory for reversal is that if the order appealed from be deemed an order vacating the arbitration award, the trial court was powerless to enter it because of § 435.405, which provides:

"1. Upon application of a party, the court shall vacate an award where:

. . . .

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 435.355 and the party did not participate in the arbitration hearing without raising the objection;

. . . ."

Stewart maintains that inasmuch as the trial court, by its order of June 14, 1985, ordered the parties to proceed with arbitration, the above statutory provision barred the trial court from deciding in 1989 that the contract did not provide for binding arbitration. Under the Uniform Arbitration Act, says Stewart, if a party opposing arbitration has unsuccessfully challenged the existence of an arbitration agreement in a pre-arbitration proceeding, that party may renew its challenge only on appeal from a final judgment confirming, modifying or vacating the arbitration award that results from the proceeding. As authority for that proposition Stewart cites *School Committee of Agawam v. Agawam Education Ass'n.*, 371 Mass. 845, 359 N.E.2d 956, 957–58 n. 4 (1977).

National responds that under § 435.440, the trial court's order of June 14, 1985, compelling arbitration was not appealable. Section 435.440 provides:

"1. An appeal may be taken from:

(1) An order denying an application to compel arbitration made under section 435.355;

(2) An order granting an application to stay arbitration made under subsection 2 of section 435.355;

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of sections 435.350 to 435.470.

2. The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."

National's assertion that the trial court's order of June 14, 1985, was not appealable is consistent with *McClellan v. Barrath Construction Co., Inc.*, 725 S.W.2d 656, 658 (Mo.App.1987), which holds that an order compelling arbitration is not appealable in that it is not included in the list of appealable orders in § 435.440.1 (set forth above). *McClellan* points out that even though no appeal lies from an order compelling arbitration, the party resisting arbitration is not deprived of appellate review of the adverse ruling, as such party can ultimately appeal from an order denying an application to vacate the resulting arbitration award. *Id.* at 658–59.

National insists that because the trial court's order of June 14, 1985, was not appealable it was interlocutory, hence the trial court retained authority to reverse its ruling on the arbitration issue prior to entry of an appealable order. Citing *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 (Mo. banc 1969), National asserts that a trial court retains authority to change its rulings and orders until its jurisdiction in the case is extinguished by a final, appealable judgment.

■ National also disputes Stewart's contention that the order appealed from is moot. According to National, the arbitration proceedings had not been concluded at the time the trial court entered such order, as the arbitrators had not yet complied with the trial court's orders of March 9, 1988, and March 16, 1989, to clarify the award. National, as we understand it, maintains that until the arbitrators "clarify" the award to the trial court's satisfaction, the arbitration will not be complete and may be stayed.

That argument is meritless. The trial court evidently abandoned hope that the arbitrators would clarify or explain the award. We assume this because the trial court, in the order appealed from, found that the parties' contract did not contain a binding arbitration agreement. Obviously, once the trial court reached that conclusion the trial court no longer needed to know how or why the arbitrators arrived at the award. We therefore reject National's contention that the arbitration proceedings had not been concluded at the time the trial court entered the order from which Stewart appeals.

Finally, National proclaims that Stewart is incorrect in equating the order appealed from with an order vacating the award.

For the reasons that follow we need not determine whether § 435.405.1(5) barred the trial court from ruling on September 19, 1989, that the contract did not contain a binding arbitration agreement.

Section 435.440.1 (set forth earlier) lists the types of orders from which an appeal may be taken in a proceeding under the Uniform Arbitration Act. The only two categories under which the order appealed from in the instant case could arguably fall are: first, subparagraph "(2)" of paragraph 1, i.e., "[a]n order granting an application to stay arbitration made under subsection 2 of section 435.355," or, second, subparagraph "(5)" of paragraph 1, i.e., "[a]n order vacating an award without directing a rehearing."

■ As to the first category, while the order appealed from purports to stay arbitration, the order came 19 months after completion of the arbitration proceeding that produced the $208,587.17 award to Stewart. The award was consequently a *fait accompli* long before entry of the order appealed from. The order did not purport to operate retroactively, it merely stayed arbitration at a time when arbitration was neither under way nor threatened.

Had the trial court granted National's application to stay arbitration at the outset of the instant case, thereby preventing arbitration from ever occurring, Stewart could have appealed per § 435.440.1(2). That, however, did not occur. The trial

court, as we have seen, initially ordered the parties to proceed with arbitration and they did so, the result being a $208,587.17 award to Stewart. As the arbitration had already proceeded to conclusion prior to entry of the order purporting to stay arbitration, and neither party was seeking arbitration of any other dispute at the time the order was entered, there was no arbitration the order could have stayed. The order was therefore not appealable under § 435.440.1(2).

As to the second category of arguable appealability, Stewart maintains the order appealed from is "equivalent to vacating the existing arbitration award." If that premise be correct, the order is appealable under § 435.440.1(5), as nothing in the order directs a rehearing.

National correctly points out, however, that the order appealed from "makes no reference whatsoever to a vacation of the award."

On the record before us we cannot assume the trial court intended the order appealed from to constitute an order vacating the award. At the time the trial court entered the order, National had a motion pending in the trial court to vacate the award or in the alternative to modify it. Had the trial court intended to vacate the award it is inferable the trial court would have granted that motion. The order appealed from, however, makes no mention of such motion. The order of September 6, 1989, provides that National's "Motion to Reconsider is granted." The order of September 19, 1989, which amended the September 6 order, provides that National's "Motion to Stay Arbitration is hereby granted." Nowhere in the record is there any ruling by the trial court on National's motion to vacate the award or in the alternative to modify it. We therefore decline to treat the order appealed from as an "order vacating an award without directing a rehearing." The order is consequently not appealable under § 435.440.1(5).

Once an arbitration award is made, the Uniform Arbitration Act authorizes a trial court to take certain clearly defined action. Section 435.390, mentioned earlier, permits

a trial court to set conditions under which the arbitrators may modify or correct the award in certain limited instances, or clarify it. Section 435.400 authorizes a trial court to confirm an award upon application of a party. Section 435.405 authorizes a trial court, upon timely application of a party, to vacate an award in certain instances specified by that statute. Section 435.410 authorizes a trial court, upon timely application by a party, to modify or correct an award where certain narrowly defined circumstances exist.

Section 435.440.1, quoted earlier, enumerates the types of orders from which an appeal may be taken, specifically recognizing the post-award actions a trial court is authorized to take by §§ 435.400–435.410. In the instant case the trial court has neither confirmed, vacated, modified or corrected the arbitrators' award. Nothing in § 435.440.1 authorizes an appeal from an order such as the one from which Stewart appeals in the instant case.

An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal. *Holt v. McLaughlin,* 357 Mo. 844, 210 S.W.2d 1006, 1008[6] (1948). Finding no statutory authority for the instant appeal, we order it dismissed.

PREWITT and PARRISH, JJ., concur.

