**STATE of Missouri, ex rel. William L. WEBSTER, Attorney General, Plaintiff–Appellant**

v.

**DOUGLAS TOYOTA III, INC., d/b/a Douglas Toyota, a Missouri corporation, Defendant–Respondent.**

**No. 17645.**

Missouri Court of Appeals,
Southern District,
Division One.

April 15, 1992.

Motion for Rehearing or Transfer to
Supreme Court Denied
May 6, 1992.

Application to Transfer Denied
June 30, 1992.

William L. Webster, Atty. Gen., William M. Van Hook, Jr., Asst. Dep. Atty. Gen., Springfield, for appellant.

Thomas Y. Auner, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for respondent.

PARRISH, Judge.

This is an appeal of an order denying a "Motion Requesting Instruction to Arbitrator." The motion was filed after judgment had been entered in the case. This court affirms.

This action was brought under Missouri's unlawful merchandising practices statutes. §§ 407.010—.305.[1] It was brought by the attorney general as permitted by §§ 407.100.1 and .2 and resulted in the entry of a consent injunction as authorized by § 407.100.8. The consent injunction required:

4. Defendant [respondent in this appeal] will submit to arbitration all complaints regarding its sales practices and said arbitration shall be binding upon the Defendant.

A. The group of consumers to which arbitration will be available is defined as: ALL CONSUMERS WHO HAVE PURCHASED NEW OR USED AUTOMOBILES FROM DEFENDANT AND WHICH PURCHASE OCCURRED AFTER MAY 1, 1987, AND BEFORE THE DATE OF THIS ORDER AND WHO HAVE OR WILL FILE A COMPLAINT WITH THE OFFICE OF THE MISSOURI ATTORNEY GENERAL ON OR BEFORE A DATE THIRTY (30) DAYS AFTER THE ENTRY OF THIS ORDER. ADDITIONALLY, ANY CONSUMER WHO HAS A COMPLAINT ON FILE WITH THE OFFICE OF THE MISSOURI ATTORNEY GENERAL ON OR BEFORE THE DATE OF THIS ORDER SHALL BE ENTITLED TO ARBITRA-

---

1. References to statutes are to RSMo 1986.

TION IRRESPECTIVE OF THE DATE OF THE CONSUMER'S PURCHASE.

.    .    .    .    .

E.   The arbitrator of said complaints shall be James Keet, retired circuit judge.  In the event that said arbitrator cannot fulfill his function, the Defendant will be provided with a list of three alternate arbitrators from which to choose an arbitrator to complete arbitrations.

.    .    .    .    .

F.   The Defendant is to bear the cost of arbitration, which is $100.00 per case.  In addition, the Defendant is responsible for the reasonable, actual costs of conducting such arbitrations including clerical, reporting, postage and other reasonable expenses.

It also required respondent to pay the sum of $100,000 to the attorney general's "Restitution Account" to "serve as a fund to pay any restitution ordered or the costs of arbitration."

Upon commencement of the arbitration hearings, respondent requested that the hearings be closed.  The arbitrator granted the request on the basis of § 435.014.2.[2]  The attorney general then filed the Motion Requesting Instruction to Arbitrator.  The motion requested the trial court to issue an order directing the arbitrator not to apply the provisions of chapter 435, the arbitration statutes, and of Rule 17,[3] the Voluntary Early Dispute Resolution rule, to the arbitration proceedings; to have the arbitration hearings "open to the public"; and to provide the attorney general with "copies of all decisions previously rendered and copies of all decisions rendered in the future."  The trial court denied the motion.

Appellant presents three points on appeal.  Appellant contends that the trial court's ruling denying the motion to instruct the arbitrator was erroneous for the reason that it amounts to a determination that the consent judgment was "nothing more than a contractual agreement entered into between appellant and respondent," (Point I).  Appellant further contends that the trial court erred in "applying the provisions of Chapter 435 RSMO 1986 to the dispute resolution proceedings provided for under the [consent decree] in spite of provisions of said chapter which exempt the state from its coverage," (Point II).  Appellant's last point (Point III) asserts that the trial court erred by denying the motion to instruct the arbitrator "because by doing so the trial court has closed the proceedings to [the] public in violation of the provisions of Section 476.170 RSMO 1986, Amendment 1 U.S. Const. and Art. I, Sect. 14 Mo. Const."

The parties to the lawsuit are the State of Missouri and respondent.  The consent decree had already been entered when the motion was filed requesting the court to "instruct the arbitrator."  The terms of the consent injunction, the judgment in the lawsuit, required respondent to submit "all complaints [from an identified group of consumers] regarding its sales practices to arbitration."  The attorney general, by the terms of the judgment, was to notify the consumers who were entitled to participate in arbitration of that right.  The notification was to be accomplished by the attorney general mailing letters to the consumers.  A form letter to be used for that

2.  § 435.014.2 states:
    Arbitration, conciliation and mediation proceedings shall be regarded as settlement negotiations.  Any communication relating to the subject matter of such disputes made during the resolution process by any participant, mediator, conciliator, arbitrator or any other person present at the dispute resolution shall be a confidential communication.  No admission, representation, statement or other confidential communication made in setting up or conducting such proceedings not otherwise discoverable or obtainable shall be admissible as evidence or subject to discovery.

3.  Rule 17 is not applicable.  It permits any judicial circuit to establish an early dispute resolution program.  There is nothing in the record on appeal that indicates that the 31st Judicial Circuit (Greene County) has adopted such a program.  This court notes, nevertheless, that Rule 17.06 is consistent with § 435.014.2.  It provides that, in circuits that do establish early dispute resolution programs, communications relating to an issue that is subjected to that process are confidential.

purpose was set forth and attached as an exhibit to the judgment. It stated:

> Thirty days ago your complaint was sent to Douglas Toyota. They were allowed the intervening time in which to satisfy your complaint. Since we have not been notified of your satisfaction, *you* now have the right to proceed to arbitration with *the company*. This arbitration will require that you and the company present evidence before a neutral arbitrator who will then decide what relief, if any, to which you are entitled.
>
> This process will not cost you anything and the company will be bound by its terms. If you wish to take advantage of this process, you must write to us at 149 Park Central Square, Suite 1017, Springfield, Missouri, 65806, and ask to be scheduled for arbitration.
>
> Most sincerely,
> WILLIAM L. WEBSTER
> Attorney General
> William M. Van Hook
> Assistant Attorney General
> Southwest Regional Office

(Emphasis added.)

The consent injunction and the notification letter clearly pointed out that the arbitration was to be conducted between the individual consumers (*"you"*) and respondent (*"the company"*). The consent injunction did not provide for the State of Missouri, through the attorney general or otherwise, to be a party to the arbitration proceedings. The trial court made the following analysis of the terms of the consent injunction:

> Therefore, Defendant [respondent in this appeal] is required to submit those issues, described in the Settlement Agreement for arbitration, to arbitration. Section 435.350, Missouri Revised Statutes. The claimants have their option. The claimants may either submit to arbitration or file a Petition in a Court of Law without submitting to arbitration. The Defendant has consented to the arbitration and no longer has a choice.

■ Appellant's brief argues, with respect to the first point on appeal, that the trial court "arrived at the conclusion that Chapter 435 RSMo and Rule 17 MRCP applied to the conduct of arbitrations established under [the consent injunction] by holding that, the injunction constitutes nothing more than a contractual agreement between the Appellant and Respondent." A plain reading of the trial court's findings fails to substantiate that argument.

The consent injunction is a final judgment. It disposed of all parties (appellant and respondent) and all issues (injunctive relief was granted requiring respondent to submit issues to arbitration that arose from consumers' complaints about its prior conduct, together with further injunctive relief restricting respondent's future conduct). See *McClellan v. Barrath Const. Co., Inc.*, 725 S.W.2d 656, 658 (Mo.App. 1987).[4] The consent injunction recites at its conclusion, "The [trial] Court shall retain jurisdiction over the enforcement of this action." The jurisdiction retained by the trial court was its authority to impose a civil penalty, as provided by § 407.110,[5] in the event that respondent violated the consent injunction. Point I is denied.

■ Appellant has cited *State ex rel. William L. Webster v. Freedom Financial Corp.*, 727 F.Supp. 1313 (W.D.Mo.1989), as authority for the proposition that the state is a real party in interest in the arbitration proceedings due to the attorney general

---

4. In *McClellan*, the court concluded that an order in that case that compelled arbitration was not a final judgment because it did not dispose of all the parties and issues in the case. 725 S.W.2d at 658. The present case differs in that its consent decree disposed of all the parties and, as admitted by the state, "resolve[d] all of the disputes which were originally scheduled for hearing."

5. § 407.110 provides:

> Any person who violates the terms of an injunction, ... issued under section 407.100 shall forfeit and pay to the state a civil penalty of not more than five thousand dollars per violation. For the purposes of this section, the circuit court of a county issuing an injunction or restitutionary order shall retain jurisdiction, and the cause shall be continued, and in such cases the attorney general acting in the name of the state may petition for recovery of civil penalties.

being the stakeholder of funds, i.e., the $100,000 that was to be used to pay claims, costs and expenses of the arbitration. Appellant's reliance on *Freedom Financial Corp.* is misplaced. *Freedom Financial Corp.* was an action in which the state sued, in state court, a defendant for allegedly violating Missouri's unlawful merchandising practices statutes. The defendant filed a petition to remove the lawsuit to federal court. The district court considered the question of whether the state was a real party in interest or a nominal party. It concluded that the state was more than a nominal party but held, nevertheless, that there was no diversity of citizenship because "the State is not a 'citizen' of any state." *Id.* at 1317–1318. There is no question but that the state is a real party in interest in this case.

*Freedom Financial Corp.* is a report of a pre-judgment proceeding in the trial court, the federal district court, to determine whether that court had jurisdiction to hear and determine the issues presented in the case, nothing more. The holding was that there was no federal jurisdiction. The holding in *Freedom Financial Corp.* is of no assistance to appellant in this case.

The judgment in this case required that respondent submit claims of certain consumers to arbitration, if the individual customers making the complaints requested arbitration. The only role that the attorney general was to have in the arbitration proceedings was that of stakeholder. The attorney general will make payments from funds that were paid to his restitution account at the conclusion of the arbitration proceedings. The payments will be made to the persons that are determined to be entitled to restitution by the arbitration proceedings. The attorney general's duty to act as stakeholder was established by the terms of the consent injunction. The fact that the attorney general was designated as the stakeholder did not make the state a party to the arbitration proceedings. *See Beckett v. Wiglesworth,* 178 S.W. 898, 900 (Mo.App.1915). The arbitration proceedings are independent proceedings. They are not judicial proceedings. They

will be conducted separate and apart from this case. Point II is denied.

 Appellant's Point III contends that the closing of the arbitration proceedings to the public violates the U.S. Constitution, the Missouri Constitution and § 476.170. That point and the authorities appellant cites in its support are premised on the fact that the arbitration proceedings are judicial proceedings. As previously seen, they are not. The arbitration proceedings are "regarded as settlement negotiations." § 435.014.2. The denial of access to persons unaffected by those proceedings does not constitute the closing of a judicial proceeding. Point III is denied. The trial court's order denying appellant's Motion Requesting Instruction to Arbitrator is affirmed.

CROW and MONTGOMERY, JJ., concur.

PREWITT, P.J., recused.