**STATE of Missouri ex rel. Donald R. STEWART, Relator,**

v.

**Honorable Thomas K. McGUIRE, Jr., Judge of the Circuit Court of Greene County, Respondent.**

**No. 18199.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 13, 1992.

---

award, in which case the court shall proceed as provided in sections 435.405 and 435.410.

5. Footnote 2, *supra*.

7. Footnote 2, *supra*.

Charles M. Thomas, Charles H. Stitt, Craft Fridkin & Rhyne, Kansas City, for relator.

Frank M. Evans, III, Ed L. Payton, Miller & Sanford, P.C., Springfield, for respondent.

CROW, Presiding Judge.

In this original proceeding in mandamus, Relator, Donald R. Stewart, seeks a writ commanding Respondent, The Honorable Thomas K. McGuire, Jr., Judge of the Circuit Court of Greene County, to rule on certain items in an action pending before Respondent styled: "National Avenue Building Company, Plaintiff vs. Donald R. Stewart, Defendant," case number CV185–475CC4. We henceforth refer to that action as "the underlying case."

The underlying case was before this Court by appeal in 1990. *National Avenue Building Company v. Stewart,* 794 S.W.2d 304 (Mo.App.1990). On that occasion, we dismissed the appeal for lack of an appealable order.

The underlying case is again before this Court on appeal. *National Avenue Building Company v. Stewart,* 838 S.W.2d 514 (Mo.App.1992) (S.D. number 17961). An opinion of this Court ordering the appeal dismissed for lack of an appealable order is filed simultaneously with the instant opinion in this mandamus proceeding.

A procedural history of the underlying case appears in our 1990 opinion. 794 S.W.2d at 304–07. We need not lengthen the instant opinion by repeating that chronicle. For present purposes, it is enough to note the underlying case involves a 1988 arbitration award of $208,587.17 in favor of Relator against National Avenue Building Company ("National").

The following items are now pending before Respondent in the underlying case:

A. A motion by National filed April 26, 1988, to vacate the award per § 435.405,[1] or in the alternative to modify it per § 435.-410.

B. An application by Relator filed July 19, 1991, to confirm the award per § 435.-400, and to enter judgment thereon. § 435.415.

C. A "Motion to Reconsider and for Partial Summary Judgment" filed by Relator on January 14, 1992.

For brevity, we henceforth refer to the items in the three preceding paragraphs as "Pleading A," "Pleading B," and "Pleading C," respectively.

Our authority to issue writs. of mandamus to circuit courts within our territorial jurisdiction[2] is conferred by Article V,

---

1. References to statutes are to RSMo 1986.

2. Our territorial jurisdiction includes Greene County. § 477.060.

§ 4.1, Constitution of Missouri (1945, amended 1970 and 1976). *State ex rel. Campbell v. Anderson*, 536 S.W.2d 200, 201[1] (Mo.App.1976).

▆▆▆ Mandamus will issue from this Court to a circuit court where the latter refuses to act in respect to a matter within its jurisdiction when it is its duty to act, that is, when its refusal is, in effect, a failure to perform a duty within its jurisdiction. *State ex rel. Tate v. Sevier*, 334 Mo. 771, 68 S.W.2d 50, 54–55[10] (banc 1934). Said another way, where a circuit court, having obtained jurisdiction, refuses to proceed in the exercise thereof to a determination on the merits, and there is no adequate remedy by appeal, it may be compelled to do so by mandamus. *State ex rel. Townsend v. Holtcamp*, 330 Mo. 1101, 55 S.W.2d 428, 429 (banc 1932).

According to the record before us, the only judicial act performed by Respondent since our 1990 opinion dismissing the appeal was the signing of a "Memorandum" on December 5, 1991. That document read:

On October 4, 1991, this matter came before this court for hearing, at the request of ... Stewart ... for the purpose of addressing the procedural status of this case. This Court takes the view that, as a consequence of its ruling on September 6, 1989, (later modified on September 19, 1989), there are no matters presently pending before this Court for a decision in this case. This Court therefore declines to take any action with respect to Stewart's application to confirm the arbitration award. This Court also declares its intention to decline to rule on [National's] ... request to vacate or modify the award.

As thus postured, it is also this Court's view that the legal issue raised by Stewart, regarding the authority of the Court to reconsider interlocutory rulings, is ripe for appellate review.

The "legal issue" mentioned in the last-quoted paragraph above is discussed in our 1990 opinion, 794 S.W.2d at 307–08. The issue arises from the September 6 and 19, 1989, orders, in combination, which we held unappealable. While the issue may, in the trial court's words, be "ripe for appellate review," no such review is presently possible. That is because the trial court's memorandum of December 5, 1991, is unappealable, as explained in this Court's opinion in *National Avenue Building Company v. Stewart* (S.D. number 17961), filed this date.

Relator maintains we should, by mandamus, compel Respondent to: "... proceed with the pending motions [presumably Pleadings A, B and C, enumerated earlier] because the issues they raise have not yet been adjudicated and [Respondent] is without authority to decline to take further action."

The action a trial court is authorized to take following an arbitration award is spelled out in the Uniform Arbitration Act, §§ 435.350–.470.

As to Pleading B, § 435.400 reads:

Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying ... the award, in which case the court shall proceed as provided in sections 435.405 and 435.410.

Because Relator, by Pleading B, seeks confirmation of the award, the above-quoted statute would require Respondent to confirm it but for Pleading A, by which National seeks vacation or modification of the award.

The statute pertaining to vacating an award is § 435.405. Grounds for vacating an award are set forth in subsection 1 of that statute. If an application to vacate is denied, subsection 4 of the statute is triggered. It reads:

If the application to vacate is denied and no motion to modify ... the award is pending, the court shall confirm the award.

In the underlying case, Pleading A prays in the alternative that Respondent modify the award. The statute pertaining to modification is § 435.410. Grounds for modification are set forth in subsection 1 of that statute. The statute then provides, in subsection 2:

If the application is granted, the court shall modify and correct the award so as

to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.

Section 435.410 is followed by § 435.415, which reads, in pertinent part:

Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith....

■ Relator is entitled to a ruling by Respondent on Pleading B. In ruling on it Respondent shall, by reason of §§ 435.400, 435.405 and 435.410, have to address Pleading A (unless, of course National withdraws it).

Once Respondent discharges the above duties, an appeal may be possible. Section 435.440.1 reads, in pertinent part:

An appeal may be taken from:

....

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of sections 435.350 to 435.470.

Relator insists we should direct Respondent to "deem the arbitration agreement to be enforceable."[3] We decline that invitation.

■ While mandamus lies to compel a circuit court to act, such writ shall not direct how such court shall act. *State ex rel. Richardson v. Baldry,* 331 Mo. 1006, 56 S.W.2d 67, 69–70[2] (1932). That is, mandamus will not issue to a circuit court to direct entry of a particular judgment, but will issue to set such court in motion. *State ex rel. Fielder v. Kirkwood,* 345 Mo. 1089, 138 S.W.2d 1009, 1010[2] (banc 1940).

Relator argues mandamus may not only order a circuit court to proceed, but may also clarify the law and define how such court is to proceed. In support of that premise, Relator cites *State ex rel. City of*

*Kahoka v. Webber,* 618 S.W.2d 267 (Mo. App.1981). It is inapposite. There, a circuit court refused to proceed with an annexation case until a city complied with all provisions of a new statute. In determining whether to direct the circuit court to proceed, the Eastern District of this Court had to divine the meaning of the new statute and identify the provisions with which the city was obliged to comply. No such obstacles are present here. The issues presented by Pleading B (as implicated by Pleading A) are ready for determination by Respondent.

Additionally, Relator, in his brief, acknowledges it may be necessary to allow the parties in the underlying case "a reasonable time for any remaining discovery to be completed," and Relator further recognizes pleading A "may require a trial on the merits of the allegations of impropriety made." These factors vindicate our reticence about directing Respondent how to proceed. It is not the function of mandamus to direct the course of judicial action in a given cause, but instead to compel a judge to proceed with a cause pending before him. *State ex rel. State Highway Commission v. Allison,* 296 S.W.2d 104, 111–12[6] (Mo. banc 1956).

We issue a peremptory writ of mandamus requiring Respondent to hear and determine Pleading B and, to the extent necessary in doing so, to hear and determine Pleading A. Respondent shall discharge such duty within a reasonable time, considering (a) the other cases awaiting hearing and determination by him, and (b) such opportunity, if any, as the parties in the underlying case need to complete discovery and prepare to proceed.

PARRISH, C.J., and SHRUM, J., concur.

---

**3.** Relator's theory in that regard is found in our 1990 opinion, 794 S.W.2d at 307. National's

contrary theory appears, *id.* at 307–08.