**NATIONAL AVENUE BUILDING COMPANY, Respondent,**

v.

**Donald R. STEWART, Appellant.**

**No. 17961.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 13, 1992.

Charles M. Thomas, Charles H. Stitt, Craft Fridkin & Rhyne, Kansas City, for appellant.

Frank M. Evans, III, Ed. L. Payton, Miller & Sanford, P.C., Springfield, for respondent.

CROW, Presiding Judge.

This is the second appeal to this Court in this case. The first was *National Avenue Building Company v. Stewart*, 794 S.W.2d 304 (Mo.App.1990). Like a Saturday movie serial circa 1945, the current episode begins where the earlier one ended.

When we left the parties August 8, 1990, there was no appealable order. Pending in the trial court was a motion by National Avenue Building Company ("National"), filed April 26, 1988, to vacate an arbitration award per § 435.405,[1] or in the alternative to modify it per § 435.410. *See:* 794 S.W.2d at 305–06. The award (by a three-member panel appointed by the American Arbitration Association) had been filed in the trial court February 2, 1988, by Donald R. Stewart ("Stewart"). It awarded him $208,587.17 against National. 794 S.W.2d at 305.

The earlier appeal was from an order entered by the trial court September 6, 1989, supplemented by an order entered September 19, 1989. Those orders are set forth in 794 S.W.2d at 307.

In our earlier opinion, we pointed out that the types of orders from which an appeal may be taken under the Uniform Arbitration Act, §§ 435.350–.470, are listed in § 435.440.[2] 794 S.W.2d at 309. Inasmuch as the orders of September 6 and 19, 1989, taken together, were not of a type enumerated in § 435.440.1, we dismissed the appeal for lack of an appealable order. 794 S.W.2d at 309.

Thereafter, the following events occurred in the trial court.[3]

July 19, 1991. Stewart, citing § 435.400,[4] files an application to confirm the arbitration award. The application prays for "judgment confirming the ... award ... and for ... judgment against ... National ... in the amount of $208,587.17, plus any interest on such amount to which ... Stewart is entitled by law."

■ December 5, 1991. Trial court signs a memorandum, which reads:

On October 4, 1991, this matter came before this court for hearing, at the request of ... Stewart ... for the purpose of addressing the procedural status of this case. This Court takes the view that, as a consequence of its ruling on September 6, 1989, (later modified on September 19, 1989), there are no matters presently pending before this Court for a decision in this case. This Court therefore declines to take any action with respect to Stewart's application to confirm the arbitration award. This Court also declares its intention to decline to rule on [National's] ... request to vacate or modify the award.

As thus postured, it is also this Court's view that the legal issue raised by Stewart, regarding the authority of the Court to reconsider interlocutory rulings, is ripe for appellate review.

The "legal issue" referred to in the last-quoted paragraph above is discussed in our earlier opinion, 794 S.W.2d at 307–08. The issue arises from the September 6 and 19, 1989, orders, in aggregate, which we held unappealable. While the issue may, in the trial court's words, be "ripe for appellate review," no such review is possible in the instant appeal because the trial court's memorandum of December 5, 1991, is unappealable.

As explained in our earlier opinion, 794 S.W.2d at 309, appeals in proceedings under the Uniform Arbitration Act are autho-

---

1. References to statutes are to RSMo 1986.

2. Section 435.440 reads:
 1. An appeal may be taken from:
 (1) An order denying an application to compel arbitration made under section 435.355;
 (2) An order granting an application to stay arbitration made under subsection 2 of section 435.355;
 (3) An order confirming or denying confirmation of an award;
 (4) An order modifying or correcting an award;
 (5) An order vacating an award without directing a rehearing; or
 (6) A judgment or decree entered pursuant to the provisions of sections 435.350 to 435.470.

 2. The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

3. The record on appeal filed by Stewart does not contain a copy of the trial judge's docket sheet. A supplemental record on appeal filed by National does contain a copy of the docket sheet; however, the last entry is September 19, 1989. Consequently, in piecing together what occurred since our dismissal of the earlier appeal, we rely on the statements of fact in the parties' briefs and copies of documents in the record.

4. Section 435.400 reads:
 Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the

rized by § 435.440,[5] which lists the types of orders from which an appeal may be taken. Missouri courts have uniformly held only those types of orders are appealable. *Western Waterproofing Company, Inc. v. Lindenwood Colleges,* 662 S.W.2d 288, 289[1] (Mo.App.1983). *Cf. McClellan v. Barrath Construction Co.,* 725 S.W.2d 656, 658–59[2] (Mo.App.1987).

Neither Stewart nor National attempts to demonstrate that the trial court's memorandum of December 5, 1991, falls within any category of appealability in § 435.440. Indeed, Stewart's brief states:

> Although the ruling being appealed from may not be appealable under [§ 435.440] referred to in this Court's previous decision, [Stewart] has taken the present appeal in order to preserve [his] challenge to the trial court's refusal to act in this case. [Stewart] is also the [relator] in a mandamus action before this Court[6] ... which addresses the trial court's authority to decline to take further action in this case.

Inasmuch as the trial court's memorandum of December 5, 1991, is not among the types of rulings listed in § 435.440, no appeal may be taken from it. That does not mean, however, that the legal issue mentioned in the trial court's memorandum must remain forever unaddressed.

Currently pending in the trial court are: (a) National's motion of April 26, 1988, to vacate the award or in the alternative to modify it, and (b) Stewart's application of July 19, 1991, to confirm the award and enter judgment thereon. As to National's pending motion, an appeal may be taken from an order vacating the award without directing a rehearing, § 435.440.1(5),[7] and an appeal may be taken from an order modifying the award, § 435.440.1(4). As to Stewart's pending application, an appeal may be taken from an order confirming or

denying confirmation of the award, § 435.-440.1(3), and an appeal may be taken pursuant to § 435.440.1(6) from a judgment or decree entered pursuant to §§ 435.350–.470.

Consequently, appellate review is available upon entry of any one of the orders or judgments enumerated in the preceding paragraph.[8]

 An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal. *Holt v. McLaughlin,* 357 Mo. 844, 210 S.W.2d 1006, 1008[6] (1948); *National Avenue Building Co.,* 794 S.W.2d at 309. Finding no statutory authority for the instant appeal, we order it dismissed.

PARRISH, C.J., and SHRUM, J., concur.

---

award, in which case the court shall proceed as provided in sections 435.405 and 435.410.

5. Footnote 2, *supra.*

6. *State ex rel. Donald R. Stewart, Relator v. Honorable Thomas K. McGuire, Jr., Respondent,* 838 S.W.2d 516 (Mo.App.1992) (S.D. number 18199). That action is being adjudicated independently of the instant appeal.

7. Footnote 2, *supra.*

8. The extraordinary procedural tactics in this case continued on January 14, 1992 (the date Stewart filed his notice of appeal). On that date, Stewart filed in the trial court a "Motion to Reconsider and for Partial Summary Judgment." That motion plays no role in our disposition of the instant appeal in that the record displays no ruling by the trial court on the motion.