**STATE of Missouri ex rel. MCS BUILDING COMPANY, et al., Appellants,**

v.

**KKM MEDICAL, and American Arbitration Association, Respondents.**

**No. WD 49742.**

Missouri Court of Appeals, Western District.

Feb. 21, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1995.

Application to Transfer Denied April 25, 1995.

B. Daniel Simon, Columbia, for appellants.

Timothy R. Thornton, George A. Uhl, St. Louis, for respondents.

Before FENNER, C.J., P.J., and KENNEDY and BERREY, JJ.

BERREY, Judge.

MCS Building Company (MCS) appeals the trial court's order compelling the parties to arbitrate their dispute. We dismiss the appeal.

MCS is a partnership of two other Missouri partnerships. The individual partners are physicians. MCS and defendant/respondent KKM Medical, Inc. (KKM) entered into a contract for the design and construction of a medical office building. The contract consisted of four parts. Part I of the contract provided for the design of the building; Part II provided for the construction of the building; Part III provided for "Post–Completion Obligations" and includes an arbitration agreement; Part IV provided for miscellaneous provisions. KKM was to proceed, immediately to obtain the design, plans, and specifications for the building. The contract provided that the obligations of MCS to go forward with the construction of the building under Part II would be subject to certain *"Contingencies."* One of the contingencies is that a lease be obtained from a local hospital, providing for a leasing by the hospital from MCS of substantial space within the building. The contract states that if the lease is not obtained "... by the Commencement Date, then unless the parties agree otherwise, all provisions of this Contract except for those contained in Part I and Part IV of this Contract shall be null and void." The commencement date was defined as being ten days after approval by MCS of the plans and specifications for the building.

There were discussions between MCS and the hospital about the hospital leasing space within the building. A hospital representative indicated that the hospital would be interested in leasing space within the new building on a long term lease, if terms of the lease could be agreed upon. MCS was unable to negotiate with the hospital's trustees an agreement for the building site. MCS and KKM agreed to change the building site. As a result of the change of building site, the hospital was unwilling to enter into a lease with MCS for space within the building.

Final plans and specifications for the building were presented by KKM to MCS in March of 1993. On April 2, 1993, MCS directed to KKM a letter approving the final plans and specifications and authorizing KKM to construct the building. KKM continued with its efforts to obtain bids from the general contractors. On May 5, 1993, KKM was notified that MCS was terminating the building project. MCS contends that the lease contingency was not satisfied by the commencement date. KKM contends the lease contingency was waived by MCS's approval letter dated April 2, 1993, and by other actions of MCS in authorizing the start of the site work.

On May 21, 1993, KKM filed a demand for arbitration in accordance with the terms of the contract. Subsequently, MCS filed a petition seeking a determination under Chapter 435, RSMo that there was no binding agreement to arbitrate the dispute because the arbitration agreement was null and void by the failure of a condition precedent to its effectiveness. The trial court conducted a summary proceeding upon the basis of the motions filed, the documents on file, the affidavits and briefs of the parties. Subsequently, the trial court issued the following order:

> Court finds that there is a binding agreement to arbitrate and that all other proceedings should be stayed pending same being accomplished. For the purpose of appeal, Court finds that said finding is a final judgment subject to appeal.

A writ of prohibition was filed by MCS. This court denied the writ of prohibition. MCS filed the instant appeal. MCS contends that the trial court erred, as a matter of law, in finding that there was a binding agreement to arbitrate and that such error is appealable to this court. KKM has filed a motion to dismiss with this court, alleging that the order of the trial court was not a final judgment subject to appeal.

■ Section 435.440 RSMo (1986) of the Missouri Uniform Arbitration Act lists the orders that are appealable so as to constitute final orders or judgments. Section 435.440 states:

1. An appeal may be taken from:

(1) An order denying an application to compel arbitration made under section 435.355;

(2) An order granting an application to stay arbitration made under subsection 2 of section 435.355;

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of sections 435.350 to 435.470.

2. The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

An order compelling arbitrations is not a final appealable order because § 435.440 does not authorize an appeal from an order compelling arbitration. *McCarney v. Nearing, Staats,* 866 S.W.2d 881, 887 (Mo.App. 1993). An order compelling arbitration is not a final appealable order because it does not dispose of all parties and issues in the case. *McClellan v. Barrath Const. Co.,* 725 S.W.2d 656, 658 (Mo.App.1987).

The Missouri Uniform Arbitration Act expresses the desire to enforce arbitration agreements as a matter of law to further the important public policy of resolving disputes without resorting to the courts. *Cairo v. Bodine Contracting Co.,* 685 S.W.2d 253, 258 (Mo.App.1985). The public policy favoring arbitration is so strong that once an agreement to arbitrate is proven, the arbitration clause will be construed in favor of arbitration unless the clause positively cannot be interpreted to cover the asserted dispute. *Id.* at 259. In the instant case, we cannot positively state that the arbitration clause does not cover the parties' dispute.

MCS alleges that the trial court's order is a final judgment subject to appeal because the order states that it "is a final judgment subject to appeal." "An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal." *National Avenue Building Co. v. Stewart,* 838 S.W.2d 514, 516 (Mo.App.1992). In *National Avenue Building Co.* the trial court issued a memo-randum concerning an arbitration award that stated, in part:

> ... As thus postured, it is also this Court's view that the legal issue raised by Stewart, regarding the authority of the Court to reconsider interlocutory rulings, is *ripe for appellate review.* (emphasis added).

*Id.* at 515. The Southern District held that while the issue may be "ripe for review," no such review is possible as the trial court's memorandum is not among the types of rulings listed in § 435.440 RSMo. In the case at bar, appellate review is not possible as the trial court's order is not among the types of rulings listed in § 435.440 RSMo.

Respondent's motion to dismiss is sustained.

All concur.