Roy M. COOPER, Jr., Appellant,

v.

Sam BARR and Emily Barr as individuals and doing business as Blue Sky Farms, Defendants,

Dr. J. C. Bolin, Dr. William R. Morrison, and Dr. Clyde M. Smith, Respondents,

Dr. Ronald W. Hubbard, Dr. William Button, and Dr. _____ Scarborough, Defendants.

No. 52307.

Supreme Court of Missouri, Division No. 2.

March 13, 1967.

Motion for Rehearing or to Transfer to Court En Banc Denied April 10, 1967.

Shook, Hardy, Ottman, Mitchell & Bacon, David H. Clark, Robert K. Waldo, Blackford & Wilhelmsen, William J. Blackford, Kansas City, for appellant.

Carl E. Enggas, Darrell L. Havener, Robert C. Canfield, Kansas City, Watson, Ess, Marshall & Enggas, Kansas City, of counsel, for respondents.

STOCKARD, Commissioner.

On July 22, 1965, Roy M. Cooper, Jr., filed suit in two counts in the Circuit Court of Clay County. In Count I Sam Barr and Emily Barr as individuals and doing business as Blue Sky Farms were named defendants, and plaintiff sought damages for personal injuries allegedly sustained when he fell in a post hole on their land. In Count II six doctors were named as defendants and plaintiff sought damages for personal injuries alleged to have resulted from malpractice in their treatment of him for the injuries sustained when he fell in the post hole. The trial court ordered a separate trial of the claim alleged in Count I, and on this appeal we are concerned only with Count II. The amount of damages sought in Count II substantially exceeds $15,000.

As previously noted plaintiff purported to state a claim against six doctors for malpractice. In the transcript of record there is no disposition shown of the cause as to defendant Dr. Scarborough. However, in his brief plaintiff-appellant asserts that he was never served with process. The transcript of record shows that plaintiff's cause was dismissed as to defendant Dr. Button, but thereafter plaintiff filed an amended petition and Dr. Button is named therein as a defendant and the amended petition purports to state a cause of action against him. No disposition of this cause of action as to Dr. Button is shown. Although the transcript of record shows no disposition of the cause as to defendant Dr. Hubbard, plaintiff has filed in this court a dismissal as to him.

Defendants Dr. Bolin, Dr. Morrison, and Dr. Smith filed a joint motion to dismiss the cause as to them on the ground that "the claim asserted against these defendants accrued more than two years before the commencement of this action," and for that reason the claim was barred by Section 516.140 RSMo 1959, V.A.M.S. After a hearing on this motion, and on June 15, 1966, plaintiff's cause of action as to these three defendants was dismissed. At this hearing on the motion the three defendants filed affidavits in support of their motion, but plaintiff filed no affidavit or counter-affidavit, and he offered no evidence of any kind in opposition to the motion. We note particularly that the record of what we shall call "Case No. 31,715," which we shall mention subsequently, was not offered in evidence, and as far as is shown by the transcript of record, was not called to the attention of the trial court. Plaintiff then filed a notice of appeal "from the judgments entered in this action on the 14th day of May, 1965, and on the 27th day of May, 1966." The record does not show any judgment or order entered on either of those dates, but from the briefs and arguments it is apparent that the intent was to appeal from the order entered on June 15, 1966.

In addition to the transcript showing the matters above outlined, appellant has lodged with this court what appears to be a transcript of record of an entirely separate case in the Circuit Court of Clay County, and which we previously referred to as Case No. 31,715. That transcript contains a petition whereby Osteopathic Hospital, Inc., brought suit against Roy M. Cooper, Jr., for $1,515.30 for medical services, and to which Roy M. Cooper, Jr., filed what he denominated a "counterclaim" against the hospital and six doctors for malpractice, they being the identical doctors who are defendants in the pending case. The transcript of Case No. 31,715 then shows that defendants Dr. Bolin, Dr. Morrison and Dr. Smith filed a motion to dismiss "the alleged claim against them on the ground

that they are not proper parties to [that] action," and that on May 14, 1965, the court "sustained" the "separate motion of defendants Bolin, Morrison and Smith," and that the court ordered that "defendant Roy M. Cooper, Jr., be granted three (3) weeks from this date to file amended pleading." No amended pleadings are shown to have been filed, and no disposition is shown of the case as to defendants Dr. Button, Dr. Scarborough and Dr. Hubbard.

Plaintiff-appellant argues on this appeal that the dismissal of his "counterclaim" as shown by the transcript of Case No. 31,715 constituted a nonsuit as that word is used in Section 516.230 RSMo 1959, V.A.M.S., and therefore his claim against Dr. Bolin, Dr. Morrison and Dr. Smith as stated in the pending suit was timely filed. Respondents have filed a motion in this court to strike or disregard the transcript of Case No. 31,715 on the basis that it is not a part of the record of the case on appeal. In view of the disposition of this appeal there is no occasion to rule on this motion, but in the event a subsequent appeal results, if the plaintiff desires consideration on appeal of the record of Case No. 31,715 it should be offered in evidence in the trial court, or the trial court should direct its incorporation in the record of this case on the basis that it constitutes records of which it could and did take judicial notice.

As previously noted the transcript of the record does not disclose any disposition of the cause as to defendant Dr. Scarborough, and in appellant's brief it is asserted that service was never obtained on him. However, this precise situation was before this court in Downey v. United Weatherproofing, Mo., 241 S.W.2d 1007, and it was there held: "Failure to have served process on [certain defendants] by any given time, without any action or disposition as to such defendants by the trial court, would not eliminate them as parties to this action at this time. A party to an action is a person whose name is designated on the record as plaintiff or defendant." In addition, there is no final disposition of the issues as to defendant Dr. Button. It is true that the original petition was dismissed as to him, but in the body of the amended petition filed thereafter Dr. Button is named as a party defendant and the amended petition purports to state a claim against him. The original petition is not in the transcript and as far as we can determine from the record before us the claim against him in the amended petition may not be the same as that asserted against him in the original petition. The transcript of the record does not disclose any disposition as to him of the cause in the amended petition.

Since no final disposition was made as to some of the parties defendant, the judgment from which the appeal was taken was not a final judgment for purposes of appeal because it does not dispose of all issues and parties. Therefore, we are compelled to dismiss the appeal as premature. See Hanover Fire Ins. Co. v. Commercial Standard Ins. Co., Mo., 215 S.W.2d 444, 445; State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487, 489; Beuttenmuller v. Vess Bottling Company of St. Louis, Mo., 395 S.W.2d 204, 205.

The appeal is dismissed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

EAGER, P. J., FINCH and DONNELLY, JJ., and MOORE, Special Judge, concur.