COMMERCE TRUST COMPANY,
Plaintiff-Appellant,

v.

Edward F. MORGAN et al., Defendants-Respondents.

No. 25052.

Kansas City Court of Appeals.
Missouri.

Oct. 6, 1969.

Dennis G. Muller, Muller & Muller, Kansas City, for appellant.

McLaughlin & Vanet, W. Hugh McLaughlin, M. Randall Vanet, Kansas City, for respondents.

SPERRY, Commissioner.

This is an appeal by plaintiff from the order of the circuit court setting aside a default judgment in favor of plaintiff against defendants in the sum of $1,213.76.

Defendants have suggested and argued that the appeal should be dismissed for failure to comply with certain rules. The supplemental abstract, filed herein, indicates that such contention should be, and it is, denied.

The record discloses that defendants purchased an automobile and as consideration therefor executed their note, secured by chattel on the automobile, in the amount of $3,095.99; that plaintiff became the owner of said note and instituted suit thereon against defendants; that defendants were non-residents and attachment and summons issued March 10, 1967; that on March 14, 1967, after garnishment had been issued, defendants filed entry of appearance, signed by them and their attorneys, McLaughlin and Vanet, whereupon garnishment was released; that the automobile was delivered to plaintiff; that plaintiff sold the automobile, realizing $1,700.00 therefor; that nothing further was paid on the note; and that defendants filed no answer or other pleadings, at any time prior to entry of judgment on August 28, 1967.

At a peremptory call, on May 12, 1967, of a published docket of Division 12 of the

Jackson County Circuit Court listing this case, plaintiff appeared and the court set the case for hearing on August 28, 1967. After further publication in July, 1967, in the Daily Record newspaper, published in Jackson County, listing this case and the hearing date thereof, plaintiff appeared on August 28, 1967, pursuant to such notice. On the last mentioned date, no pleading having been filed by defendants, the court entered default judgment as heretofore stated. On January 20, 1968, plaintiff caused to be issued execution and garnishment in aid thereof. After service and, on March 7, 1968, defendants filed motion to set aside the judgment for irregularity, and to quash execution.

In this motion defendants pleaded that both had filed bankruptcy proceedings on April 18, 1967, had listed plaintiff as a creditor, that plaintiff was notified thereof; that a discharge was entered in the bankruptcy proceedings on July 18, 1967. It was further alleged that there was published in the Daily Record, under trial settings, notice that the instant suit was set for trial on August 28, 1967; that such notice did not contain the name of defendants' counsel; that neither defendants nor their counsel received notice of the August 28, 1967, setting prior thereto or within 30 days thereafter; that Rule 15 of the Rules of the Circuit Court of Jackson County provides, in part as follows:

"1. Each civil trial division shall set its trial docket not less than four weeks in advance of the trial date, and shall give notice thereof in The Daily Record and Kansas City News Press or other legal publication or post in the Circuit Clerk's office a list of all cases set for trial each week in the order to be tried, *which list shall contain the names of trial counsel,* and each division shall send to the Clerk of the Court en banc a copy of said list. * * *." (Emphasis ours.)

It was further alleged that failure to include the name of defendants' counsel in the published notice was contrary to Rule 15, supra, and constituted such an irregularity on the record as to require that default judgment be set aside.

Plaintiff filed verified statement in opposition to the motion stating that, at the time defendants entered their appearance, their counsel indicated to plaintiff's counsel *that they would implead a third party* defendant but were entering their appearance at that time in order to procure release of the garnishment; that no pleading was thereafter filed; that plaintiff appeared in court on the date the judgment was entered and informed the court of the above facts; that evidence was heard and the judgment was entered.

It is plaintiff's contention that Circuit Court Rule 15, supra, is in conflict with Supreme Court Rule 43.01 V.A.M.R., in that it requires, as defendants contend, that notice must be given to a defaulting defendant before default judgment may be entered. Rule 43.01, supra, is as follows:

"(a) Service—When Required. Every pleading subsequent to the original petition, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper which by statute, court rule or order is required to be served, shall be served upon each of the parties affected thereby, *but no service need be made on parties in default for failure to appear* except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in this code. * * *." (Emphasis ours.)

In the case at bar defendants' entry of appearance served the same purpose as if summons had been served requiring them to appear and file answer. Mahan v. Baile, 358 Mo. 625, 216 S.W.2d 92, 94.

Civil Rule 50.01, V.A.M.R., provides as follows:

"Courts of Appeals and trial courts may make rules governing the administration

of judicial business if the rules are not contrary to the rules of the Supreme Court, to the Constitution or to statutory law in force."

A casual examination and comparison of the language used in Rule 15, supra, with that appearing in Rule 43.01, supra, indicates that there is conflict between the two rules.

In Wade v. Wade, Mo.App., 395 S.W.2d 515, the court considered a case where the Circuit Court of St. Louis County had, for irregularity on the record, set aside a default divorce decree because of non-compliance with Circuit Court Rule 26–E requiring the attorney for plaintiff, in "non-contested domestic relations matters, where defendant is not represented by attorney and service has been other than by publication, it shall be the duty of the attorney for plaintiff to notify the defendant by mail of the date of the trial. * * *." Judge Broaddus observed that the sole ground mentioned by the court in its memorandum setting aside the judgment, was the fact that an irregularity appeared on the face of the record, to-wit, violation of Rule 26–E, St. Louis County Circuit Court Rules.

The court held that Rule 26–E, supra, is contrary to Supreme Court Rule 43.01(a) because it required plaintiff, in a default case, to give notice other than that given by summons. It was held (page 518) that a court may not enforce a rule that would deprive a party of the right given him by the law, or granting the right upon terms more onerous than those fixed by law. The decision in Wade v. Wade, supra, is cited with approval on this point in Meadowbrook Country Club v. Davis, Mo.Sup., 421 S.W.2d 769, 774.

The judgment is reversed and the cause is remanded with directions that the original default judgment in favor of plaintiff and against defendants, heretofore set aside by the trial court, be reinstated.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion by SPERRY, C., is adopted as the opinion of the Court.

All concur.