Charles T. STOCKSTROM,
Plaintiff–Respondent,

v.

Richard C. JACOBY,
Defendant–Appellant.

No. 55588.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 27, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Benson Cytron, House Springs, for defendant-appellant.

E. Fairfax Jones, Biggs & Hensley, St. Louis, Stanley David Schnaare, Anderson, Hammon, Dieffenbach & Schnaare, Hillsboro, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant, Richard Jacoby, appeals from a judgment following jury verdict finding that a will of Gertrude Stockstrom dated June 4, 1986 was her last will and testament. We affirm.

Gertrude Stockstrom died April 24, 1987. She left surviving a son, Charles L. Stockstrom, his two sons, Gary Stockstrom and Charles T. Stockstrom, and another grandson, Richard Jacoby, son of a deceased child. She also left three wills. The most recent, dated July 10, 1986, left the residue of her substantial estate 50% to Jacoby, 20% to her son, and 15% each to her Stockstrom grandsons. The will contained an *in terrorem* clause providing that if any beneficiary challenged the will "directly or indirectly" he forfeited the bequest made to him.

A prior will, dated June 4, 1986 provided for a distribution of $30,000 each to her son and Jacoby and the residue to be divided 25% to each of her four surviving descendants. An earlier will of August 6, 1985, provided for a distribution of 25% to each of her four surviving descendants. Neither of these wills contained an *in terrorem* clause.

The July 10 will was admitted to probate and the two prior wills were rejected for probate. On May 4, 1987, Charles T. Stockstrom filed a petition to contest the July 10 will. He named as defendants his father and brother and Jacoby. That petition contained no reference to the two prior wills and sought as relief a determination that the July 10 will was not Gertrude's last will and testament. Service on Jacoby was immediately obtained. On June 15, 1987, the Stockstrom defendants, *pro se*, entered their appearances, waived service of process and consented to a trial at the convenience of the court. Jacoby filed an answer on July 2.

On July 31, 1987, plaintiff Stockstrom filed his first amended petition and petition to establish alternatively the two rejected wills of Gertrude. Service of the amended petition was made by mail upon Jacoby's attorney and by mail to each of the Stockstrom defendants at their home addresses. Jacoby filed an answer on August 25 and an amended answer on December 7. On January 12, 1988, Jacoby filed a motion to dismiss for failure to serve the Stockstrom defendants. Those defendants filed affidavits on January 24 acknowledging receipt of the First Amended Petition on August 7, 1987 and again waiving service and consenting to a hearing of the matter at the convenience of the court. Neither Stockstrom defendant ever filed an answer to either petition. Jacoby's motion to dismiss was denied and that denial forms the sole issue on appeal.

Jacoby's position is as follows. Plaintiff was not an heir of Gertrude because his father was living at her death. He therefore had no interest in her estate if she died intestate. His original petition did not seek rejection of the July 10 will and the acceptance of either of the two earlier wills of which he was a beneficiary. It sought only a rejection of the July 10 will and if successful would create an intestacy. Therefore, Jacoby contends, plaintiff had no standing to file the original petition and it was a nullity. Service or waiver of service thereunder would also be a nullity. The amended petition therefore became the original proceeding in this matter. No personal service of that petition was made on the Stockstrom defendants and no waiver of that service occurred within 90 days of the filing of the amended petition as required by Sec. 473.083.6 RSMo 1986. Thus,

the trial court was required to dismiss the petition.

Jacoby also contends that the Stockstrom defendants were in default under the original petition. This is based on the argument that the amended petition sought new or additional claims for relief against those defendants in requesting acceptance of either of the two prior wills. Under Rule 43.01 as it then existed[1] service upon the Stockstrom defendants was required in the manner provided for service of summons. Even if, therefore, the relief sought in the original petition was properly before the court, service of the additional claims was not timely obtained and the court lacked jurisdiction over the additional claims. The judgment and the jury verdict were based upon one of the additional claims in that it approved the June 4 will for probate after rejection of the July 10 will. In the absence of the additional claims seeking approval of either of the prior wills the estate would pass by intestacy in which case Jacoby would be entitled to 50% and Charles L. Stockstrom would be entitled to the other 50%.

■ The foundation of this duplex is that the original petition was a nullity. In *Jensen v. Hinderks*, 338 Mo. 459, 92 S.W.2d 108 (1936) the Court dealt with the identical issue. There a widow filed a petition contesting her husband's will. She had an interest in his estate but no direct pecuniary interest in the probate of the will because she would take the same share by intestacy as was provided by the will. Her petition stated no interest in the probate of the will and therefore stated no cause of action and a demurrer was properly sustained. She then sought leave to amend which was denied. The amendment would have alleged an interest in the probate of the will because of the existence of a prior will which gave all the decedent's property to her. The court reversed the action of the trial court in denying leave to amend. It found that the proposed amendment would not change the nature of the action nor destroy the identity of the original transaction and that it did not constitute a departure. It further held that the original petition was not a nullity. The petition was "an imperfect and incomplete statement of a good cause of action." The court further stated that "amendments are allowed expressly to save the cause from the statute of limitations, and courts have been liberal in allowing them, when the cause of action is not totally different."

■ The original petition here was an "imperfect and incomplete statement of a good cause of action"—the setting aside of Gertrude's latest will because of undue influence by Jacoby. While it was subject to dismissal because it did not evidence on its face Charles T. Stockstrom's standing it was not a nullity and was sufficient to vest jurisdiction in the court if service was thereafter timely effected. *See Stemmler v. Crutcher*, 677 S.W.2d 916 (Mo.App.1984) [6, 7]. Service was timely effected on Jacoby. The Stockstrom defendants entered their appearances and waived service well within the ninety day time limit imposed by Sec. 473.083.6. An entry of appearance serves the same purpose as if a summons had been served. *Commerce Trust Company v. Morgan*, 446 S.W.2d 492 (Mo.App. 1969) [1]. By entering their appearances the Stockstrom defendants subjected themselves to the jurisdiction of the court. *State ex rel. Lindell Tower Apts. v. Guise*, 357 Mo. 50, 206 S.W.2d 320 (1947) [3-5]. The court had both personal and subject matter jurisdiction upon the entry of appearance by the Stockstroms.

■ It is well-settled that once jurisdiction is properly invoked subsequent events do not divest the court of jurisdiction. *United States Fidelity and Guaranty Company v. Millers Mutual Fire Insurance Company of Texas*, 396 F.2d 569 (8th Cir.1968) [1-4]. Further, every presumption is indulged in favor of the jurisdiction of the court over the subject matter and the parties, unless the record affirmatively

---

1. By amendment effective Jan. 1, 1988, the requirement of service of new or additional claims is only required on defendants in default *for failure to appear*. The emphasized language did not appear in Rule 43.01 at the times pertinent to this case. The Stockstrom defendants were not in default for failure to appear.

shows the contrary. *Beasley v. Beasley,* 553 S.W.2d 541 (Mo.App.1977) [5, 6].

■ Because the Stockstrom defendants did not file an answer they were technically in default.[2] Pursuant to Rule 43.01 as it then existed, they should have been served the amended petition with a summons rather than by mail. But such failure did not destroy the court's jurisdiction over the cause of action nor does it inure to Jacoby's benefit. A plaintiff can entirely waive the filing of an answer and until plaintiff seeks an interlocutory default judgment a defendant is free to appear and file an answer. *Great Western Trading Co. v. Mercantile Trust Company National Association,* 661 S.W.2d 40 (Mo.App.1983) [7–8]. The court acquired jurisdiction of the cause of action and of the defendants and before judgment was rendered the Stockstrom defendants had entered their appearance as to the amended petition. The requirements of Sec. 473.083.6 were met.

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.

---

**2.** It is not difficult to understand their not filing answers. Their financial interest would call for support of the plaintiff's position, but the *in terrorem* clause would make such support highly dangerous if plaintiff failed in his challenge to the July 10 will.