**BCCLW/CASEY, INC., Plaintiff,**

v.

**S.O. GILLIOZ PARTNERS, INC., et al., Defendants,**

**and**

**A–JACKS ROOFING SUPPLY COMPANY, Defendant/Third–Party Plaintiff/Appellant,**

v.

**DICKINSON, INC., Third–Party Defendant/Respondent.**

**No. 16304.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 24, 1990.

Steven E. Marsh, Hulston, Jones & Associates, Springfield, for defendant/third-party plaintiff/appellant.

Thomas J. Daly, Kansas City, for third-party defendant/respondent.

PREWITT, Judge.

Plaintiff sought to enforce a mechanics lien on the Gillioz Theatre in Springfield. Appellant then intervened and filed a cross-claim and counterclaim to enforce a mechanics lien for materials it claimed to have furnished for roofing on the theatre. Respondent claims an interest in the property and pursuant to motion of appellant was added as a party to this matter. After appellant filed a third-party petition and crossclaim against respondent, respondent filed a motion to dismiss which the trial court sustained.

Appellant contends that the trial court erroneously sustained respondent's motion. No reason was given for the trial court's order. The motion alleged five reasons why appellant's third-party petition and crossclaim against respondent should be dismissed. In its brief respondent asserts one ground to support the trial court's action. Although respondent was not obli-

gated to file a brief, by doing so, and not briefing the other contentions, they are abandoned. *Engelsmann v. Holekamp*, 402 S.W.2d 382, 386 (Mo.1966); *Kansas City v. Martin*, 391 S.W.2d 608, 612 (Mo. App.1965); *Stark v. Cole*, 373 S.W.2d 473, 475 (Mo.App.1963). Consequently, we consider only the contention briefed here by respondent and whether the trial court may have ruled correctly on some other basis is not before us.

Respondent contends that the trial court ruled correctly "because the court was without jurisdiction to sustain the prior motion of appellant to add respondent as a party in that, at the time the court sustained said prior motion, it had completely disposed of all the issues between all the parties who were then before the court and, therefore, any subsequent action by the court as to adding new parties or new issues would be *coram non judice*." [1]

This suit was commenced when plaintiff filed its petition on April 18, 1986. On June 13, 1986, appellant intervened and filed a crossclaim and counterclaim seeking to enforce a mechanics lien. Appellant's motion to add respondent as a party was filed on August 8, 1988. It alleged that respondent claims to have an interest in the real property on which the mechanics liens were sought.

The trial court sustained appellant's motion to add respondent as a part of an order entitled "Interlocutory Judgment" entered August 15, 1988. By that order it appeared to have determined all disputes between the previous parties, and granted appellant and another party mechanics liens against the theatre premises. By using "Interlocutory" the trial court did not appear to have intended its order as the judgment in this matter.

Respondent contends that nevertheless this order was a judgment because it disposed of all issues between the parties and the court was without authority to add

---

**1.** *"coram non judice"* is defined in Black's Law Dictionary 305 (5th ed. 1979) as:

"In presence of a person not a judge. When a suit is brought and determined in a court which has no jurisdiction in the matter, then it is said to be *coram non judice*, and the judgment is void."

parties. The fallacy in respondent's argument is that at the time the "Interlocutory Judgment" was entered the trial court also added another party so at that time the court had not adjudicated all the issues between the parties.[2]

The order of the trial court entitled "Interlocutory Judgment" provided that "The motion of A–Jacks Roofing Company to add Dickinson, Inc., as a party to this action is sustained and summons to said party shall issue forthwith." Appellant's third-party petition and crossclaim against respondent was not filed until August 25, 1988 and served on respondent on September 7, 1988. Appellant sought to add respondent pursuant to Rules 52.04 and 52.-06, apparently basing the joinder on the portion of Rule 52.04(a) that respondent "claims an interest relating to the subject of the action".

Those rules do not provide, and we have not been cited to any authority that indicates that an entity is not a party until a pleading purporting to state a claim against them has been filed. We conclude that upon the sustaining of the motion the court intended that respondent be a party and it became such. It was the order of the court that made respondent a party, not the filing of the third-party petition and crossclaim against it. See *M & A Electric Power Cooperative v. True*, 480 S.W.2d 310, 314 (Mo.App.1972).

Generally, for there to be a judgment, all claims between all parties must be determined. Rule 74.01(b); *Ritter v. Aetna Casualty & Surety Co.*, 686 S.W.2d 563, 564 (Mo.App.1985). Although respondent was not served until after the "Interlocutory Judgment" it was still a party to the action. Issues between a party and other named parties, although unserved, must be disposed of for there to be a judgment. *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 231 (Mo. banc 1969); *Cooper v.*

*Barr*, 413 S.W.2d 219, 221 (Mo.1967); *Maurer v. Clark*, 727 S.W.2d 210, 211 (Mo. App.1987) ("party to an action is a person whose name is designated on record as plaintiff or defendant"). But see *Citizens Bank & Trust v. Mitchell*, 652 S.W.2d 202, 204–206 (Mo.App.1983).

A decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action and is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties, absent a determination that there is no just reason for delay. Rule 74.01(b). No such determination was made here.

Respondent primarily relies upon *Irwin v. Burgan*, 325 Mo. 309, 28 S.W.2d 1017 (1930), as being "almost entirely in point", but it is not controlling. There, an attempt was made to add parties after a judgment determining all the issues between the parties had been entered and had become final. Here, respondent was made a party contemporaneously with the document that respondent contends is a judgment. At the time of its entry respondent became a party and the issues between it and appellant had not been determined. Therefore, the court had not entered judgment.[3]

The judgment is reversed and the cause remanded for further proceedings.

CROW, P.J., and GREENE, J., concur.

---

2. As appellant states, the trial court has control of any judgment it enters for thirty days under Rule 75.01. However, we need not consider the effect of that rule on the proceedings as we conclude that no judgment was entered until the dismissal of appellant's third-party petition and crossclaim.

3. When the trial court dismissed appellant's third-party petition and crossclaim against respondent all issues between all parties had been determined and there was an appealable judgment. See *Wood v. Wood*, 716 S.W.2d 491, 494–495 (Mo.App.1986).