**CAMERON MUTUAL INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**James R. McMINN and Cynthia Cole, Defendants–Respondents.**

**No. 17445.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 9, 1991.

Jeffrey S. Maguire, Thomasson, Dickerson, Gilbert & Cook, Cape Girardeau, for plaintiff/appellant.

James E. Reeves, Ward & Reeves, Caruthersville, for defendants/respondents.

FLANIGAN, Chief Judge.

This appeal must be dismissed as premature for lack of final judgment.

On October 3, 1990, plaintiff Cameron Mutual Insurance Company filed this action against defendants James Reid McMinn and Cynthia Cole. In general, the petition alleged: A Mercury automobile owned by Cynthia Cole was insured under a policy, issued by plaintiff, which included uninsured motorist coverage; during the policy period, the automobile was damaged when it left the roadway and collided with a ditch; both defendants claim to have been in the vehicle at the time of the accident; a controversy exists between plaintiff and defendants concerning whether any coverage was afforded under the uninsured motorist provisions of the policy; the interests of plaintiff and defendants are adverse; "[t]he parties hereto have legally protected interests involved."

The petition sought a declaratory judgment with respect to "the respective status, rights, obligations, and legal relationship of all parties herein, and to particularly adjudge and decree that the plaintiff herein does not afford coverage under the Cynthia Cole policy for the injuries that Cynthia Cole and James Reid McMinn sustained in a vehicular accident of July 7, 1990."

On April 9, 1991, the court entered a purported judgment which sought to adjudicate the rights of defendant McMinn under the policy. The judgment made no disposition of plaintiff's claim against defendant Cole, nor did it make any declaration of Cole's rights, if any, under the policy.

■■ The right of appeal is purely statutory. *Hill v. Boles*, 583 S.W.2d 141, 147 (Mo. banc 1979); *Southwest Mall v. Top Brands Distrib.*, 774 S.W.2d 874, 875 (Mo. App.1989). Section 512.020 [1] permits an aggrieved party to appeal "from any final judgment in the case." For a judgment to be final and appealable, it ordinarily must dispose of all parties and all issues in the case and leave nothing for further determination. *Southwest Mall, supra*, at 875.

Rule 74.01(b) reads, in pertinent part:

When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ The record on appeal does not reflect whether service was obtained on defendant Cole, but it is immaterial whether it was or not. In *Cooper v. Barr*, 413 S.W.2d 219 (Mo.1967), an appeal was dismissed as premature because there was no final judgment. The record did not show any disposition of the cause with respect to one defendant. Appellant asserted that service was never obtained upon him. The court held that failure to serve process on a

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Mis-souri Rules of Court, V.A.M.R.

defendant, without any action or disposition as to such defendant by the trial court, would not eliminate him as a party to the action. The court said, at 221: "A party to an action is a person whose name is designated on the record as plaintiff or defendant." See also *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 231[4] (Mo. banc 1969); *BCCLW/Casey v. S.O. Gillioz Partners*, 783 S.W.2d 174, 176 (Mo.App.1990).

Even if the entry of April 9, 1991, might be sufficient to dispose of the claim of plaintiff against defendant McMinn, it does not contain an express determination that there is no just reason for delay. It is, therefore, not a final judgment for purposes of appeal.

Appeal dismissed.

MAUS and MONTGOMERY, JJ., concur.