Clay YOUNG and Robyn D. Young, his wife, and James M. Evans and Shirley D. Evans, his wife, Plaintiffs/Respondents,

v.

PRUDENTIAL SECURITIES, INC. and Sandra Logay, Defendants/Appellants.

No. 65748.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 10, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 15, 1995.

H. Todd Iveson, Green, Hoffman & Dankenbring, Clayton, for defendants/appellants.

Edward C. Cody, Michael H. Izsak, Klutho, Cody & Kilo, St. Louis, for plaintiffs/respondents.

1. All statutory references are to RSMo 1986.

SMITH, Presiding Judge.

Defendants appeal from the orders of the trial court denying their motions to compel arbitration. We reverse.

Plaintiffs Clay and Robyn Young and James and Shirley Evans filed their respective actions against Daniel Zessinger, a stock broker, and brokerage firms which had previously employed him. Included as defendants were Prudential Securities, Inc. and defendant Sandra Logay, an employee of Prudential and an alleged supervisor of Zessinger. The actions sought recovery for various claimed acts of misconduct by Zessinger allegedly resulting in damage to the plaintiffs. Plaintiffs had each executed an Account Agreement with Prudential containing an arbitration agreement in bold faced print immediately above the signature line.

Prudential filed motions to compel arbitration in each case. On the day of hearing of the motions, the plaintiffs filed affidavits in opposition to the motions. The plaintiffs alleged in the affidavits that they were fraudulently induced to execute the documents by Zessinger. Robyn Young averred that Zessinger "did not give me an opportunity to read this, did not explain it, I signed it before reading it because it was represented to me as a routine form that had no significance. I relied on Danny L. Zessinger's representation. I had no experience with stock brokers except through Danny L. Zessinger. I did not have legal counsel and I did not understand such form, and Zessinger did not give me an opportunity to read it." The Evans' affidavit was similar containing no additional allegations of fraud. The trial court denied the motions to compel arbitration. Defendants Prudential and Logay appealed in each of the cases. We have consolidated those appeals here.

Plaintiffs first contend that the order denying arbitration is not appealable because it disposes of less than all claims against all parties and does not carry a trial court determination of "no just reason for delay" as required by Rule 74.01. Sec. 435.440[1] provides that an appeal may be taken from an order denying an application to compel arbi-

tration made under section 435.355. In *McClellan v. Barrath Construction Co., Inc.,* 725 S.W.2d 656 (Mo.App.1987) we were required to decide whether an order requiring arbitration was appealable. We concluded that because it was not delineated as an appealable order in § 435.440 and did not dispose of all parties and issues in the case it was not. In arriving at that conclusion we stated: "We believe the various orders denoted by the legislature as appealable under § 435.440 partake of such finality as to constitute final orders or judgments, and we note an order compelling arbitration is not among the orders designated as appealable." [2]. In *Madden v. Ellspermann,* 813 S.W.2d 51 (Mo.App.1991) the Western District was squarely presented with the issue now before us. It stated:

"There is a conflict between § 435.440 and § 512.020 because the former allows an appeal from an order which does not constitute a final judgment while the latter requires a final judgment before an appeal is allowed. When there is a conflict between two statutes, one of which deals with a subject in a general way and the second treats a part of the same subject in a more detailed way, the specific statute will govern ... Section 512.020 deals with appeals in a general way but § 435.440 deals specifically with an appeal from an order denying an application to compel arbitration. In that instance the special statute allowing an appeal from an order denying arbitration will prevail and the order denying arbitration in this case is appealable." (citation omitted) [1, 2].

The same conflict exists between Rule 74.01 and § 435.440 and the reasoning applied in *Madden* is equally applicable. The order is appealable.

■ Plaintiffs contend that their allegations of fraud were sufficient to justify the court in refusing to require arbitration. Rule 55.15 requires that all averments of fraud must state the circumstances constituting the fraud with particularity. The plaintiffs' petitions do not meet this requirement as they allege only the conclusion of fraud. Nothing in the petitions supports the court's order. The affidavits are similarly deficient.

They allege that the plaintiffs did not read the documents, that they were not given the opportunity to do so, and they did not understand the documents. In *Brennecke v. Ganahl Lumber Co.,* 329 Mo. 341, 44 S.W.2d 627 (Mo.1931)[1] the court stated:

"Even in fraud cases the general rule is that, where the means of knowledge are at hand and are equally available to both parties, and the subject-matter is alike open to their inspection, if one of them does not avail himself of those means and opportunities, he will not be heard to say that he was deceived by the other party's misrepresentations."

■ Each document here is clearly written and states with clarity that it contains an arbitration agreement and what that agreement is. The advice that the document contains an arbitration agreement is the last line before the signature. The statement that the document is routine is not a misrepresentation for in fact it is routine. "Routine" is "a standard practice: regular course of procedure". *Webster's Third New International Dictionary* 1961 (p. 1981). Plaintiffs have at no place indicated that the agreements were other than a routine agreement to open a brokerage account. Whether it was of significance was for the plaintiffs to determine by reading the document. One cannot defeat the enforcement of a provision of an agreement by a mere showing that the other party misrepresented its legal effect or gave assurances that the same would not be enforced. *Motor Transportation Springfield v. Orval Davis Tire Co., Inc.,* 585 S.W.2d 195 (Mo. App.1979) [l.c.200].

Further the affidavits are totally silent as to the materiality of the statements or actions of Zessinger. They further make no allegations of justification for reliance on the statements of Zessinger, asking us to infer that because he was a broker they had such basis for reliance. We will not make such an inference.

Plaintiffs have raised additional contentions which are without merit and which need not be addressed. At oral argument they made an additional challenge to the arbitration agreement. We will not consider a con-

tention raised at that point in the proceedings. *Kramer v. Mason*, 806 S.W.2d 131 (Mo.App.1991)[7].

Section 435.355 mandates that where a valid arbitration agreement exists and one party to it refuses to arbitrate, upon application of the other party the court "shall order the parties to proceed with arbitration ..." Plaintiffs admitted they executed the arbitration agreements, they have alleged nothing which casts doubt on the validity of those agreements, they have refused to arbitrate and the defendants have applied for an order to compel arbitration. The court was required to grant that application.

The orders are reversed and the causes remanded with instructions to grant the defendants' motions to compel arbitration.

KAROHL and WHITE, JJ., concur.