Allan Edward ABRAMS,
Plaintiff–Appellant,

v.

FOUR SEASONS LAKESITES/CHASE RESORTS, INC., Defendant–Respondent,

and

Peter Brown, Herbert Alfree, Jacqueline Thompson and David Short, Defendants.

No. 19795.

Missouri Court of Appeals, Southern District, Division One.

June 8, 1995.

Motion for Rehearing or Transfer Denied June 29, 1995.

Application to Transfer Denied Sept. 19, 1995.

Allan E. Abrams, Leawood, KS, pro se.

Harvey M. Tettlebaum, Marshall Wilson, Husch & Eppenberger, Jefferson City, for defendant-respondent.

SHRUM, Chief Judge.

Plaintiff appeals the trial court's order denying Plaintiff's "Motion to Compel Arbitra-

tion." [1]  We conclude that there is no final judgment from which an appeal lies as the order does not dispose of all parties and issues and fails to comply with the Rule 74.01(b) exception.[2]  Accordingly, we dismiss the appeal without prejudice.

On April 27, 1993, Allan E. Abrams (Plaintiff) [3] filed a fourteen-count petition for actual and punitive damages against Four Seasons Lakesites/Chase Resorts, Inc., and Peter Brown.[4]  The case stems from Plaintiff's purchase from Four Seasons of an interest in a condominium unit and subsequent efforts to resolve disputes arising from that purchase.

Plaintiff named Four Seasons as a defendant in all counts.  Brown, who was alleged to be an officer and agent of Four Seasons, was named as a defendant in Counts VI and XIV.  Count VI alleged that "Herbert Alfree, while representing Peter Brown and Four Seasons," intentionally misrepresented facts that Plaintiff relied on to his damage.  Count XIV sought damages from Brown and Four Seasons on a prima facie tort theory and based on acts committed by "Peter Brown ... while representing Four Seasons."

Plaintiff's motion to compel arbitration has this background.  In his petition, Plaintiff alleges that "[o]n or about May 1, 1991, ... Four Seasons agreed to resolve the parties' dispute by arbitration" and that "Four Seasons later refused to submit to arbitration."  In Count XIII, Plaintiff seeks damages from Four Seasons for alleged breach of contract in refusing to submit to arbitration.  In April 1994, Plaintiff filed a "Motion to Compel Arbitration."  In pertinent part, the body of the motion reads:

"COME NOW Plaintiffs who move this Court, pursuant to Section 435.355–1, RSMo.1986, for an Order compelling arbitration and in support of its motion, states, alleges, and avers that Defendant Four Seasons Lakesites/Chase Resorts, Inc. has entered into an agreement with Plaintiffs as described in Section 435.350, RSMo. 1986, to arbitrate the dispute currently before this Court and that said Defendant now denies the existence of the agreement to arbitrate.

WHEREFORE, Plaintiffs apply pursuant to Section 435.355–1, RSMo.1986, and move this Court to enter its Order compelling arbitration."

The trial judge denied the motion.  She found that "Plaintiff has failed to prove the existence of a valid agreement between the parties to arbitrate."  This appeal followed.

The docket sheet records service of process on Four Seasons on December 29, 1993.  Whether Brown was ever served with process is not clear from the record before us, but in January 1994 Brown joined with Four Seasons in moving to dismiss Plaintiff's petition.  In June 1994, Brown and Four Seasons responded again to Plaintiff's petition by amending their motion to dismiss.  Also, Brown joined in all filings by Four Seasons that opposed Plaintiff's Motion to Compel Arbitration.

A court obtains jurisdiction to adjudicate upon the rights of a defendant by either service of process upon such a defendant or by his or her general appearance.  *Roberts v. Johnson*, 836 S.W.2d 522, 524 (Mo.App.1992); *Stockstrom v. Jacoby*, 775 S.W.2d 300, 302 (Mo.App.1989).  A general appearance "signifies an overt act by which a

1.  Section 435.440, RSMo 1986, entitled "Appeals," provides in pertinent part, as follows:

"1.  An appeal may be taken from:
(1) An order denying an application to compel arbitration made under section 435.355;
. . . .
2.  The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."

2.  In pertinent part, Rule 74.01(b) provides:

"When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

3.  Sandra L. Abrams (Plaintiff's wife), originally a plaintiff, voluntarily dismissed her cause of action in April 1994.

4.  Individually, we refer to the corporate defendant as "Four Seasons" and to Peter Brown as "Brown."  Collectively, we refer to them as "Defendants."

person against whom suit has been commenced submits himself to the jurisdiction of the court...." *Mahan v. Baile*, 358 Mo. 625, 216 S.W.2d 92, 94[3] (1948). "The appearance may be express or it may be implied from the defendants 'taking or agreeing to some step or proceeding in the cause beneficial to himself * * * other than one contesting only the jurisdiction * * *.'" *Id.* Case law holds that challenging a petition on the ground that it fails to state a cause of action and also asking for continuances, is an appearance that confers jurisdiction over the person. *Id. See Nodaway County v. Tilson*, 129 S.W.2d 915, 916 (Mo.1939). Based on the foregoing authority, it is clear that Brown entered his general appearance and, thus, is a party.[5]

Even though not raised by the parties, an appellate court is obligated to notice *sua sponte* matters preventing it from obtaining jurisdiction. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450[1] (Mo. banc 1994); *In the Matter of S.B.A.*, 850 S.W.2d 356, 357[1] (Mo.App.1993). "A prerequisite to appellate review is that there be a final judgment." *Committee for Educational Equality*, 878 S.W.2d at 450[3]; § 512.020, RSMo 1986. If a trial court's order is not a final judgment, the appellate court lacks jurisdiction and the appeal must be dismissed. *Id.* at 454[17].

"An order denying an application to compel arbitration made under section 435.355" is among the various orders denoted by the legislature as appealable under Missouri's version of the Uniform Arbitration Act. *See* § 435.440.1(1); *McClellan v. Barrath Construction Co., Inc.*, 725 S.W.2d 656, 658 n. 4 (Mo.App.1987). However, orders or judgments that otherwise partake of finality by reason of § 435.440.1 can only be appealed "in the manner and to the same extent as [appeals] from orders or judgments in a civil case." § 435.440(2).

In a civil case in Missouri, "[f]or a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination." *Cooper v. Continental Fidelity Surety Co., Inc.*, 851 S.W.2d 65, 67[1] (Mo.App.1993), Rule 74.01(b). *See McClellan*, 725 S.W.2d at 658; § 512.020, RSMo 1986. An exception to this general rule exists, i.e., Rule 74.01(b) permits an appeal from a judgment that disposes of less than all parties and issues *if* the trial court makes "an express determination that there is *no just reason for delay.*" Rule 74.01(b). We need not decide whether such exception might have allowed an appeal in this case as no such finding was made. *See In the Matter of S.B.A.*, 850 S.W.2d at 357[4].

■ Here, the question is whether the trial court was still required to declare "there is no just reason for delay" under Rule 74.01(b) even though § 435.440.1 seems to settle that an order or judgment therein listed (which includes an order such as entered in this case) is final and appealable. Under the circumstances and on the authority of *MLJ Investments, Inc. v. Reid*, 877 S.W.2d 221 (Mo.App.1994), we find that such a declaration is required.

Because the order of the trial court did not dispose of all parties and all issues and the trial court did not state its determination that there was no just reason for delay, the order denying arbitration was not appealable. This court lacks jurisdiction and the appeal must be dismissed.

FLANIGAN, J., and MONTGOMERY, J., concur.

*OPINION ON MOTION FOR REHEARING OR TRANSFER*

PER CURIAM:

By motion for rehearing or transfer, Plaintiff argues that we have ignored our recent decision in *Greenwood v. Sherfield*, 895 S.W.2d 169 (Mo.App.1995), and that it com-

---

5. Others originally named as defendants in various counts, i.e., Herbert Alfree, Jacqueline Thompson, and David Short, were never served with process nor did they enter an appearance. Based on *Cameron Mut. Ins. Co. v. McMinn*, 820 S.W.2d 85, 86–87[3] (Mo.App.1991) (quoting *Cooper v. Barr*, 413 S.W.2d 219, 221 (Mo.1967)), they are parties against whom Plaintiff brought claims which have not been disposed of.

pels a different result in this case. We disagree. *Greenwood* is factually dissimilar.

In *Greenwood*, a single-count petition named Sears Roebuck and Company and their district manager, Sherfield, as defendants. The Greenwoods' claim against Sears was grounded in respondeat superior principles and allegations, i.e., that it was liable for Sherfield's actions. *Both* defendants moved to compel arbitration of the claims asserted against them. The trial court overruled the motion, holding that the Greenwoods' cause of action arose out of circumstances separate and apart from the agreement that contained the arbitration provision. After Sears and Sherfield filed their notice of appeal, the Greenwoods moved to dismiss their appeal. We quote verbatim the pertinent portion of the Greenwoods' argument for dismissal.

"[T]he denial of Appellant's [sic] motion to compel arbitration is not a final appealable order or judgment. Mo.Rev.Stat. § 512.020 (1986). Finality is a prerequisite to appellate jurisdiction, and an order is not 'final' unless it disposes of all parties, explicitly disposes [of] all issues, and disposes of all issues on the merits. Specifically, an order that does not adjudicate the merits is not final for purposes of appeal because it does not finally dispose of the claim. *The trial court order denying Appellant's [sic] motion ... to compel arbitration did not finally dispose of Respondent's [sic] claim on the merits.* Therefore, Appellant [sic] may not appeal from this order." (Emphasis added; citations omitted.)

Relying entirely on *Madden v. Ellspermann*, 813 S.W.2d 51 (Mo.App.1991), we rejected the foregoing argument and denied the Greenwoods' motion to dismiss.

In *Madden*, the plaintiff sued Kidder, Peabody & Co, Inc., and its office manager, Ellspermann, in a three-count petition. As was true in *Greenwood*, there were no allegations in Madden's petition as to any individual acts taken by Ellspermann beyond the scope of his employment. 813 S.W.2d at 52. *Both* Kidder, Peabody & Co. and Ellspermann moved for an order compelling arbitration. The trial court ordered arbitration of Madden's claims against Kidder, Peabody & Co. but overruled the motion of Ellspermann. Ellspermann appealed, contending that Mad-

den signed a form that required the dispute between him and Madden be submitted to arbitration. *Id.* On appeal, Madden argued that the order denying Ellspermann's request for arbitration was not appealable because § 512.020 allowed only appeal from a final judgment and the order refusing to submit the dispute to arbitration was not a final judgment. The *Madden* court disposed of that argument thusly:

"There is a conflict between § 435.440 and § 512.020 because the former allows an appeal from an order which does not constitute a final judgment while the latter requires a final judgment before an appeal is allowed. When there is a conflict between two statutes, one of which deals with a subject in a general way and the second treats a part of the same subject in a more detailed way, the specific statute will govern. Section 512.020 deals with appeals in a general way but § 435.440 deals specifically with an appeal from an order denying an application to compel arbitration. In that instance the special statute allowing an appeal from an order denying arbitration will prevail and the order denying arbitration in this case is appealable."

813 S.W.2d at 53[1, 2] (citations omitted).

In both *Madden* and *Greenwood*, the motions to compel arbitration encompassed all parties and all claims; thus neither of those cases involves the specific situation identified in Rule 74.01(b) regarding multiple claims. *See MLJ Investments, Inc. v. Reid,* 877 S.W.2d 221, 223 (Mo.App.1994). As in *Madden* and *Greenwood*, there are no allegations in Plaintiff's petition as to any individual acts taken by Brown beyond the scope of his employment; yet, by his motion Plaintiff seeks to resolve his claims against Four Seasons through arbitration while at the same time leaving his claims against Brown open for resolution through the judicial process or by a future motion to compel arbitration. Rule 74.01 operates to prevent that practice.

Plaintiff's motion for rehearing or, in the alternative, for transfer to the Supreme Court of Missouri is denied.