Thomas GARWOOD, Anthony Giardina, Earle Kennedy, Jr., Gary Lackey, Stephen Leidholdt, Michael Micek, Ronald Phillips, Henry J. Haake, Jr., Charles Praul, Tom Robinson, Roger Rubemeyer, Darrell Webery, James Wooden, Cynthia Wooden, Joseph Heizer, Timothy J. Farrell, Jon K. Gyldenvant, Greg Arnette, R.J. Barrett, Judith Barrett, Dale Bates, Darrell Beckett, Carolyn Beckett, Richard Carr, Michael H. Clark, Robert G. Clark, John Cowley, Sharon Cowley, Gerald J. Dehnert, Maryann Dehnert, William D. Dennig, Jim Elvins, Daniel Frederickson, and George Fuller, Plaintiffs–Respondents,

v.

PORT ARROWHEAD MARINA, INC., and Galva–foam Marine Industries, Defendants–Appellants.

No. 22656.

Missouri Court of Appeals,
Southern District,
Division One

July 29, 1999.

Gary J. Willnauer, Deborah F. O'Connor, Myerson & Morrow, Kansas City, Attorneys for Appellant Galva–Foam Marine Industries.

Randall E. Hendricks, Jason M. Hans, Rouse Hendricks, German May PC, Kansas City, Attorneys for Appellant Port Arrowhead Marina, Inc.

Andrew Rothschild, Theodore H. Lucas, Lewis, Rice & Fingersh, L.C., St. Louis, Attorneys for Respondents.

**154** ■

KENNETH W. SHRUM, Judge.

Port Arrowhead Marina, Inc., ("Marina") and Galva–Foam Marine Industries ("Galva–Foam") appeal from the trial court's order denying their "Motion to Stay Proceedings and Compel Arbitration" pursuant to § 435.440.[1] Respondents request that we dismiss the appeal. They argue the order does not constitute an appealable final judgment because it does not dispose of all parties and all claims and does not contain an express finding that "there is no just reason for delay" as required by Rule 74.01(b).[2] We agree. Accordingly, we dismiss the appeal without prejudice.

In January 1995, Marina owned several boat docks on Lake of the Ozarks. The boat docks had been manufactured and installed for Marina by Galva–Foam. On January 19, 1995, the roofs of these boat docks collapsed during or following a snow storm. The collapse damaged Marina's boat docks, its yachts, and other of its property. The collapse also damaged Respondents' boats, which were moored or stored at the site. Two lawsuits arose out of the collapse.

On August 30, 1996, Marina sued Galva–Foam seeking damages based on three alternative theories of recovery. On December 13, 1996, Respondents sued both Marina and Galva–Foam seeking to recover damages on several alternative theories.[3] In the latter suit, Marina cross-claimed against Galva–Foam, seeking contribution for any damages awarded against Marina in favor of Respondents. Later,

Marina filed a motion to consolidate the two cases. The trial court granted Marina's motion.

Both before and after the trial court consolidated the two cases, Marina and Galva–Foam actively participated in the litigation. They filed amended pleadings, propounded and answered interrogatories and requests for production of documents, and participated in depositions. Marina also moved for summary judgment on Respondents' three-count petition. Respondents, likewise, filed a motion for summary judgment on certain of Marina's pleadings. The issue of arbitration first arose after arguments on the summary judgment motions and while the trial judge had the motions under submission. Background facts regarding the arbitration claim follow.

Respondents were all insured by Commercial Union Insurance Company ("Commercial Union"). After Commercial Union paid Respondents' property damage claims, it filed the second suit in Respondents' names based on its subrogation rights. On April 15, 1998, Galva–Foam wrote to Respondents and requested that Respondents submit their claims to arbitration. The basis for the request was that (1) Marina was insured by Great American Insurance Company ("Great American"), (2) Galva–Foam was insured by Nationwide Insurance Company ("Nationwide"), and (3) Great American, Nationwide, and Commercial Union were all members of a "compact" that required submission of Respondents' claims "to ar-

---

1. All statutory references are to RSMo 1994. In pertinent part, § 435.440 provides:
   "1. An appeal may be taken from:
   "(1) An order denying an application to compel arbitration made under section 435.355;
   . . . .
   "2. The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."

2. All rule references are to Missouri Supreme Court Rules (1998). In pertinent part, Rule 74.01(b) provides:

"When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

3. As further explained below, this second suit was a "subrogation" suit brought by Respondents' insurer in Respondents' names.

bitration, instead of pursuing them through litigation." In a letter dated May 15, 1998, Respondents declined to submit their claims to arbitration. On October 8, 1998, Marina and Galva–Foam filed a joint "Motion to Stay Proceedings and Compel Arbitration." This motion sought to compel arbitration of, and an order staying, Respondents' claims against Marina and Galva–Foam for damage to Respondents' boats. The motion did not seek an order compelling arbitration of Marina's claims against Galva–Foam or staying Marina's suit against Galva–Foam. The trial court overruled Marina's and Galva–Foam's motion to stay the proceedings and to compel arbitration. This appeal followed.

■ Respondents have filed a motion to dismiss the appeal, claiming that this court lacks jurisdiction. They insist that the trial court's order denying Marina's and Galva–Foam's motion to compel arbitration is not final and appealable despite the provisions of § 435.440(2) because the order does not contain an express finding that "there is no just reason for delay" as required by Rule 74.01(b). Respondents point out that Appellants' motion seeks to resolve Respondents' claims against Marina and Galva–Foam via arbitration while, at the same time, leaving Marina's claims against Galva–Foam open for resolution through the judicial process or by a future motion to compel arbitration. They cite *Abrams v. Four Seasons Lakesites,* 904 S.W.2d 37 (Mo.App.1995), where this court held that Rule 74.01 operates to prevent that practice.

■ In *Abrams,* the plaintiff moved for an order compelling arbitration of his claims against a corporate defendant but left open for future resolution his claims against another defendant. The trial court denied the motion but did not expressly find that "there is no just reason for delay" as contemplated by Rule 74.01(b). This court found it lacked jurisdiction and dismissed the appeal.

"'A prerequisite to appellate review is that there be a final judgment.' If a trial court's order is not a final judgment, the appellate court lacks jurisdiction and the appeal must be dismissed.

"'An order denying an application to compel arbitration made under section 435.355' is among the various orders denoted by the legislature as appealable under Missouri's version of the Uniform Arbitration Act. *See* § 435.440.1(1)[.] However, orders or judgments that otherwise partake of finality by reason of § 435.440.1 can only be appealed 'in the manner and to the same extent as [appeals] from orders or judgments in a civil case.' § 435.440(2).

"In a civil case in Missouri, '[f]or a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination.' Rule 74.01(b). An exception to this general rule exists, i.e., Rule 74.01(b) permits an appeal from a judgment that disposes of less than all parties and issues *if* the trial court makes 'an express determination that there is no just reason for delay.' Rule 74.01(b). We need not decide whether such exception might have allowed an appeal in this case as no such finding was made.

"Here the question is whether the trial court was still required . to declare 'there is no just reason for delay' under Rule 74.01(b) even though § 435.440.1 seems to settle that an order or judgment therein listed (which includes an order such as entered in this case) is final and appealable. Under the circumstances and on the authority of *MLJ Investments, Inc. v. Reid,* 877 S.W.2d 221 (Mo.App.1994), we find that such declaration is required."

*Id.* at 39[4] (emphasis added) (all case citations omitted except *MLJ Investments* ).

Here, as in *Abrams,* the trial court's order did not dispose of all parties and all claims. Moreover, the trial court did not expressly find "that there is no just reason

for delay," as required by Rule 74.01(b). Consequently, the order is not a final and appealable judgment and this court lacks jurisdiction to review it. We dismiss the appeal per *Abrams*.

In reaching this decision, we have not ignored *Greenwood v. Sherfield*, 895 S.W.2d 169 (Mo.App.1995) and *Madden v. Ellspermann*, 813 S.W.2d 51 (Mo.App. 1991), which Marina and Galva–Foam cite in opposition to Respondents' motion to dismiss. These cases do not aid Appellants, however, because they involved motions to compel arbitration of all claims between all parties, did not involve Rule 74.01(b), and are inapplicable here. *See Abrams*, 904 S.W.2d at 40. Marina and Galva–Foam also cite *Young v. Prudential Sec., Inc.*, 891 S.W.2d 842 (Mo.App.1995), in opposition to dismissal. However, we cannot discern from the opinion whether the motion to compel in *Young* encompassed all parties and all claims. Thus, we are unable to determine to what extent *Young* may or may not be distinguishable from the case at bar. Nevertheless, to the extent *Young* may conflict with *Abrams*, we decline to follow *Young*.

We also note that in *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 963 S.W.2d 392 (Mo.App.1998), the western district of this court expressly declined to follow *Abrams* insofar as it was inconsistent with *Madden* and *Young*. *Transit Cas. Co.*, 963 S.W.2d at 396. To the extent *Transit Cas. Co.* and *Abrams* are in conflict, we decline to follow *Transit Cas. Co.* and, instead, adhere to *Abrams*.

The appeal is dismissed without prejudice.

CROW, P.J., and MONTGOMERY, J., concur.

PARRISH, J., recuses.