**John DUNN, et al, Respondent,**

v.

**SECURITY FINANCIAL ADVISORS, INC. et al, Defendant;**

**First Heartland Capital, Inc., Appellant.**

**No. WD 64164.**

Missouri Court of Appeals, Western District.

Dec. 21, 2004.

---

William J. Travis, St. Louis, MO, for Appellant.

Anthony J. Romano, Kansas City, MO, for Respondent.

Before HARDWICK, P.J., ULRICH and NEWTON, JJ.

LISA WHITE HARDWICK, Judge.

First Heartland Capital, Inc. appeals from the denial of its Motion to Dismiss and Compel Arbitration of negligence, breach of fiduciary duty, and unauthorized trading claims filed by John Dunn. Appellant contends the trial court erred in denying the motion for failure to comply with a local rule requiring the filing of suggestions. Because the rule was misapplied, we reverse and remand.

### FACTUAL AND PROCEDURAL HISTORY

In his capacity as Trustee of the John B. Dunn Trust, John Dunn opened a brokerage account with First Heartland Capital

on December 1, 2000. Mr. Dunn signed a new account form that acknowledged his acceptance of a Brokerage Account Pre–Dispute Arbitration Agreement. By accepting the agreement, Mr. Dunn consented to arbitrate "all controversies ... concerning any order or transaction, or the continuation, performance or breach" of the terms of the brokerage account.

On November 12, 2003, Mr. Dunn, Jill Dunn,[1] and the Trust filed a five-count Petition in Jackson County Circuit Court against First Heartland Capital and three other defendants. The claims against First Heartland Capital alleged unauthorized trading, breach of fiduciary duty, and negligence, all arising out of transactions that occurred in the Trust's brokerage account. First Heartland Capital filed a Motion to Dismiss and Compel Arbitration of the claims filed by Mr. Dunn based on his prior consent to arbitrate all controversies related to the brokerage account. The trial court denied relief on the sole ground that the motion did not conform to Local Rule 33.5.1, which requires the filing of "brief written suggestions" at the same time the motion is filed.[2] First Heartland

Capital appeals the denial of the Motion to Dismiss and Compel Arbitration.

## JURISDICTION

Before addressing the merits of the appeal, we must consider Mr. Dunn's contention that we lack jurisdiction because the trial court has not entered a final judgment. He argues the denial of the Motion to Dismiss and Compel Arbitration is not subject to appeal under Rule 74.01[3] in that: (1) there has been no final disposition of all the parties in this lawsuit; and (2) there has been no adjudication of all claims in the five-count petition against multiple defendants.

■ This action is governed by Section 435.440.1(1),[4] which expressly allows a party to appeal from "an order denying an application to compel arbitration." The "special statute" takes precedence over the general requirement in Rule 74.01 that a judgment is not final unless it disposes of all parties and issues in the case. *Transit Cas. Co. v. Certain Underwriters*, 963 S.W.2d 392, 396 (Mo.App.1998). Mr. Dunn's attempt to apply Rule 74.01 is based on a line of reasoning from two Southern District cases[5] that the Eastern

1. Jill Dunn is a beneficiary of the John B. Dunn Trust.

2. All "Local Rule" citations are to the rules adopted by the Circuit Court of Jackson County. All other rule citations are to the Missouri Rules of Civil Procedure (2004).

3. Rule 74.01 provides in relevant part:
   (a) Included Matters. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed....
   (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may

enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

4. All statutory citations are to the Missouri Revised Statutes (2000).

5. *Abrams v. Four Seasons Lakesites/Chase Resorts, Inc.*, 904 S.W.2d 37, 39 (Mo.App. S.D. 1995); *Garwood v. Port Arrowhead Marina,*

and Western Districts have declined to follow. *Transit Cas.*, 963 S.W.2d at 396; *Young v. Prudential Sec., Inc.*, 891 S.W.2d 842, 844 (Mo.App. E.D.1995). We have appellate jurisdiction because the trial court's denial of the motion to compel arbitration is subject to immediate appeal under Section 435.440. *Young*, 891 S.W.2d at 844.

### DENIAL OF MOTION TO DISMISS AND COMPEL ARBITRATION

The trial court denied First Heartland Capital's Motion to Dismiss and Compel Arbitration for failure to comply with Local Rule 33.5.1, which provides in relevant part:

> A party filing any motion ... shall serve and file at the same time brief written suggestions in support thereof together with authorities relied upon and any affidavits to be considered in support of the motion. Failure to file concise suggestions shall be grounds for refusing the relief requested.

First Heartland Capital contends the court erred in refusing relief under this local rule because its motion was fully supported by "references to legal authority, suggestions, the arbitration provision, and an affidavit." The suggestions and citations to legal authority were set forth in the text of the four-page motion. Mr. Dunn concedes that the motion included the supporting documentation required by the local rule, but he argues the trial court properly denied relief because the motion and suggestions were not filed as separate documents.

■ "An appellate court's review of the arbitrability of a dispute is *de novo*." *Dunn Indus. Group v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003). We also independently review the trial court's application of Local Rule 33.5.1, as it involves a question of law. *Williams v. Kimes*, 996 S.W.2d 43, 44–45 (Mo. banc 1999) (questions of law are reviewed *de novo*). This procedural rule must be interpreted according to the plain and ordinary meaning of the words used. *Allison v. Tyson*, 123 S.W.3d 196, 204 (Mo. App.2003). Although an appellate court may be reluctant to interfere with a trial court's construction of its own rule, fundamental fairness and due process require that the rule be applied as written. See *In re Transit Cas. Co.*, 900 S.W.2d 671, 674 (Mo.App.1995).

■ The plain language of Local Rule 33.5.1 requires a party to file brief written suggestions in support of a motion at the same time the motion is filed. The failure to file "concise suggestions" is the only ground for denying relief under the rule. The rule does not require the filing of suggestions in a document separate from the motion. Nor does the rule in any way suggest that relief may be denied if the suggestions are contained in the body of the motion. The rule merely seeks to insure that the movant provides all relevant facts, authorities, and documents in support of the motion. There is nothing in the rule to restrict the format for the suggestions, so long as they are filed along with the motion.

The trial court erred in interpreting Local Rule 33.5.1 to require the filing of separate suggestions. The Motion to Dismiss and Compel Arbitration was improperly denied on this procedural ground. The pleading must be judged on its substance and not its format or caption. *Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000). First Heartland Capital satisfied the local rule by filing brief written suggestions at the same time its motion

*Inc.*, 996 S.W.2d 153, 155–56 (Mo.App. S.D. 1999).

was filed. The trial court should have proceeded to decide the motion on the merits. We reverse the denial of the Motion to Dismiss and Compel Arbitration and remand for determination of the issues raised therein.

All concur.